JUSTICES OF PEACE — JURISDICTIONAL AMOUNT — SEVERAL NOTES GIVEN FOR AN ENTIRE DEBT.

If an entire debt of $250, be settled by the debtor's giving his five several promissory notes for $50 each, payable at different times; each note is within the jurisdiction of a justice of the peace; and if all the notes have become payable he may issue his five separate warrants, and render judgment against the debtor in each case.

Appeal from the judgment of a justice of the peace in five several cases.

The appellant [Alexander Moore], being indebted to the appellee [George S. Hough] in the sum of $250, gave his five several promissory notes to the appellee, payable at different periods. When they had all become payable he obtained from a justice of the peace five

[1] [Reported by Hon. William Cranch, Chief Judge.]

separate warrants, upon which the appellant was arrested, and judgment was rendered against him in each case; from which judgments he appealed to this court.

Mr. Fendall and Mr. Mason, for appellant, contended that the splitting up the debt in this way, was a fraud upon the law, and that as the notes were all due and payable and constituted but one debt, the justice of the peace had not jurisdiction. The words of the act of March 1, 1823 [3 Stat. 743], giving jurisdiction to the justice are, "where the real debt and damages do not exceed the sum of fifty dollars." Here the real debt exceeds that sum, consequently the justice had not jurisdiction of the case.

Mr. Fendall cited Anon., 1 Vent. 65; and Girling v. Alders, Id. 73; Clerk v. Andrews, 1 Show. 11; Girling v. Aldas, 2 Keb. 617; Thompson v. Shepherd, 9 Johns. 262; Cazenove v. Darrell [Case No. 2,539], in this court at November term, 1823.

But THE COURT affirmed the judgments. CRANCH, Chief Judge, would have looked further into the cases, but the other judges seeming to be clearly against the appellant, he acquiesced.