(78 Misc. Rep. 145.)

MACKEY v. ROYAL BANK OF NEW YORK.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. BANKS AND BANKING (§ 181*)—USURY—ACTION FOR CUMULATIVE BENEFITS.

Under Banking Law (Consol. Laws 1909, c. 2) § 74, which provides that, where a greater rate of interest than allowed by law has been paid, twice the amount of excessive interest may be recovered, where more than one payment of unlawful interest has been paid, cumulative penalties may be recovered in a single action.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 686–700; Dec. Dig. § 181.*]

2. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—JOINDER OF CAUSES OF ACTION.

By the express provisions of Code Civ. Proc. § 3347, subd. 4, section 484, relating to the joinder of causes of action in one complaint, is inapplicable to the Municipal Court of the City of New York.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—JOINDER OF CAUSES OF ACTION—PENALTIES.

Under Municipal Court Act (Laws 1902, c. 580) § 146, subd. 6, which provides that the plaintiff may unite in the same complaint two or more causes of action for penalties incurred under a statute, plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may join two or more causes of action under Banking Law (Consol. Laws. 1909, c. 2) § 74, for recovery of excess of interest paid above the legal rate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph F. Mackey against the Royal Bank of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 75 Misc. Rep. 630, 133 N. Y. Supp. 944.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

L. E. Warren, of New York City, for appellant.

Thomas A. McGrath, of New York City, for respondent.

SEABURY, J. This action is brought under section 74 of chapter 10 of the Laws of 1909, being chapter 2 of the Banking Law (Consol. Laws 1909), to recover cumulative penalties. The defendant is a banking corporation organized under the laws of the state of New York. The complaint alleges that on 13 different occasions between April 1, 1910, and March 31, 1911, the plaintiff borrowed divers sums of money, ranging from $25 up to $75; that the loans were usually for a period of one month, and that upon each occasion the plaintiff paid to the defendant more than 6 per cent. interest per annum. The complaint alleges the excess interest charged upon each loan as a separate cause of action. The facts alleged in the complaint having been proved, the court below awarded judgment in favor of the plaintiff. From that judgment the defendant appeals to this court, where it urges two grounds for the reversal of the judgment.

[1] The appellant's first contention is that cumulative penalties cannot properly be recovered under the statute. This question was once before before this court, and was disposed of adversely to the appellant's contention. Mackey v. Royal Bank of New York, 75 Misc. Rep. 630, 133 N. Y. Supp. 944. Section 74 of the Banking Law provides in part as follows:

"If a greater rate of interest has been paid, the person paying the same or his legal representatives may recover twice the amount of the interest thus paid from the bank or private or individual banker taking or receiving the same, if such action is brought within two years from the time the excess of interest is taken."

We think that the language of this statute makes it perfectly clear that the Legislature intended that the borrower should be permitted to recover twice the amount of the excess interest he had paid, within two years prior to the commencement of the action. This statute does not fix an arbitrary amount as a penalty which may be recovered in case the lender violates its provisions, but makes the amount which the borrower may recover dependent upon the sums exacted in each case. There is nothing in this statute which suggests the limitation

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the amount sued for must be twice the amount of the excess interest which was paid *in one payment.* Indeed, where, as in this case, there were several payments made, effect can only be given to the language of the statute by permitting a cumulative recovery. Anything less than this would not permit the amount of the excess interest to be recovered, where it was exacted at different times and in different payments. The cases of Sturgis v. Spofford, 45 N. Y. 447, Fisher v. N. Y. Central & Hudson River Railroad Co., 46 N. Y. 644, Cox v. Paul, 175 N. Y. 328, 67 N. E. 586, Jones v. Rochester Gas & Electric Co., 168 N. Y. 65, 60 N. E. 1044, and Griffin v. Interurban Street Railway Co., 179 N. Y. 438, 72 N. E. 513, all construe statutes radically different in their nature from the statute now under consideration. These authorities are, therefore, inapplicable to the present case.

Section 74 of the Banking Law is very similar to section 5198 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 3493), and that statute has been construed in Hintermister v. First National Bank of Chittenango, 64 N. Y. 212, where the court, through Allen, J., said:

"It is objected that but one penalty can be recovered in a single action. The authorities to which reference is had in support of this objection * * * were decided upon the peculiar language of the acts giving the penalties. The act of Congress under which this action is brought regulates the recovery by the amount illegally received and taken, and does not give a fixed sum as an arbitrary penalty, and the party entitled to maintain the action is entitled to recover, within the terms of the act, twice the amount which he has paid for usury within two years prior to the commencement of the action, whether the amount has been paid in one or several payments."

[2, 3] The appellant's second contention is that the uniting of separate violations in one complaint as a separate cause of action is not permissible under section 484 of the Code of Civil Procedure. It is a sufficient answer to this contention to point out that section 484 of the Code of Civil Procedure is inapplicable to the Municipal Court of the City of New York. Code of Civil Procedure, § 3347, subd. 4. As a substitute for that section, subdivision 6 of section 146 of the Municipal Court Act (Laws 1902, c. 580) provides that:

"The plaintiff may unite in the same complaint two or more causes of action where they are brought to recover * * * for penalties incurred under a statute," etc.

The language of this section covers a cause of action arising under section 74 of the Banking Law. It follows that each violation of the statute gives a separate cause of action, and that these separate causes of action may properly be united in the same complaint, and an action brought in the Municipal Court.

Judgment affirmed, with costs. All concur.