GEORGE SPETLER, an Infant, by JACOB SPETLER, His Guardian ad Litem, and Others, Appellants, *v.* JOGEL REALTY Co., INC., Respondent.

First Department, December 7, 1928.

*Irving Rosenberg* of counsel [*Max Rosenberg* with him on the brief; *Rosenberg & Rosenberg*, attorneys], for the appellants.

*F. A. W. Ireland* of counsel [*Ireland & Caverly*, attorneys], for the respondent.

O'MALLEY, J. The plaintiff Jacob Spetler is the husband and father, respectively, of the plaintiff Celia Spetler and the infant plaintiff, George Spetler. All three joined as plaintiffs in one complaint to recover damages by reason of the alleged negligence of the defendant landlord, the wife and son for personal injuries growing out of the same accident, and the father for loss of services of each of the other plaintiffs and for expenses incurred. In each of the four causes of action the sum of $3,000 was demanded. The verdicts were $1,000 for the wife, $400 for the infant plaintiff

and $60 for the plaintiff husband. The judgment entered was not in gross, but for specific sums in favor of each plaintiff.

The question involved is whether in the circumstances the City Court had jurisdiction of the action. · The respondent urges that it did not for the reason that the complaint demands judgment for a sum in excess of $3,000. The Appellate Term, following a memorandum decision by a divided court of the Second Department (*Dilworth* v. *Yellow Taxicab Corp.*, 220 App. Div. 772), reversed the judgment and dismissed the complaint. In the case cited it was decided that the Municipal Court was without jurisdiction where the amounts demanded by five plaintiffs joining in the summons exceeded $1,000, the jurisdictional limit of that court.

While the proper test of jurisdiction of the City Court under the provision of the Judiciary Article of the Constitution of the State (Art. 6, § 15) and section 16 of the New York City Court Act, is the amount for which judgment is demanded in the complaint, we hold that in the circumstances here disclosed, each cause of action must be considered as a separate complaint. Otherwise, the beneficent provisions of section 209 of the Civil Practice Act will be denied at times to litigants.

By section 65 of the New York City Court Act (Laws of 1926, chap. 539) section 209 is made applicable to the City Court. This section provides:

" § 209. Joinder of plaintiffs generally. All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

In *Akely* v. *Kinnicutt* (238 N. Y. 466) the Court of Appeals, in construing this section, said (at p. 472): " The statute before us is substantially a copy of a provision in the English Practice Act and of course its purpose is to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many when, although legally separate and distinct, they nevertheless so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties. The statute

is a remedial one in promotion of the purpose in these times so insistent and widespread that the delays and expenses of litigation shall be lessened where possible and as such it is to be liberally construed."

It is obvious, therefore, that the purpose of section 209 was to afford plaintiffs who have claims which involve common questions of law or fact the right and opportunity to join in one complaint. Though the aggregate claims of the several plaintiffs exceed the sum of $3,000, the constitutional inhibition is not thereby violated, for the reason that the separate claim of and the amount demanded by each is within the jurisdictional limit. The same view has been taken and conclusion reached in a well-considered opinion in the City Court itself. (*Dobrikin* v. *Union Railway Co.,* 130 Misc. 796.)

It follows that the determination of the Appellate Term should be reversed and the judgment of the City Court reinstated, with costs to the appellants in this court and in the Appellate Term.

DOWLING, P. J., MERRELL, MARTIN and PROSKAUER, JJ., concur.

Determination appealed from reversed and judgment of the City Court affirmed, with costs to the appellants in this court and in the Appellate Term.