MINNIE GUNNER, Individually, and ANITA GUNNER, by MINNIE GUNNER, Guardian ad Litem, Plaintiffs, *v.* E. R. SQUIBB & SONS and Another, Defendants.

Municipal Court of New York, Borough of Brooklyn, Fifth District, January 10, 1934.

*Charles P. Liboff* [*Isidore Heyman* of counsel], for the plaintiffs.

*Bergen & Prendergast* [*Samuel J. Matthews* of counsel], for the defendants.

SWEEDLER, J.   The facts are that the infant plaintiff sustained personal injuries as a result of a partial consumption of a food manu-

factured by the defendant Squibb & Sons. It was purchased from the defendant Harris. Both the manufacturer and the dealer are joined as defendants. In the complaint three causes of action are set forth. The first is against the manufacturer on the theory of negligence and alleges $750 as damages. The second, against the same defendant, is for medical expenses and alleges $250 as damages. The third is against the dealer for breach of warranty and alleges $1,000 as damages. The amount claimed *in the summons*, however, is only $1,000.

The defendant urges that since the damages itemized in the complaint aggregate more than $1,000, this court lacks jurisdiction. This contention is based upon the decision of the Appellate Division, Second Department, in *Dilworth* v. *Yellow Taxi Corp.* (220 App. Div. 772). That decision does not sustain defendant's contention. It is to be noted that the Municipal Court has jurisdiction " when the amount claimed *in the summons* does not exceed $1,000." The test, therefore, is the amount fixed in the summons. (*Gigliotti* v. *Jacksina*, 206 App. Div. 368.) In the *Dilworth* case the decision reads as follows: " There was only one action and but one summons, *and the amount demanded in that summons* exceeded $1,000. The Municipal Court, therefore, was without jurisdiction." Such is not the situation at bar. Here, the summons expressly sets forth that the amount demanded against either or both defendants is $1,000. The sums specified in the amended complaint are merely items of damages alleged to be suffered and not the amount of recovery demanded. The other cases cited by the defendant are likewise inapplicable, for the reason that they deal with the jurisdiction of the County Court and the City Court. In those courts the test of jurisdiction is the amount demanded " in the *complaint.*" (Civ. Prac. Act, § 67; N. Y. City Ct. Act, § 16.) The motion to dismiss for lack of jurisdiction should, therefore, be denied.

The contention that the causes of action are improperly joined is based upon the restrictions imposed under section 258 of the Civil Practice Act. That section, however, is inapplicable to the Municipal Court. (*Mackey* v. *Royal Bank of New York*, 78 Misc. 145.) Section 79 of the Municipal Court Code provides: " The plaintiff may include in the same complaint *any* cause of action of which the court has jurisdiction, to the end that all matters of difference between the respective parties may, so far as practicable, be determined in one action; but if it appears to the court that causes of action so joined should not be tried or disposed of together, the court may order them to be tried separately, or that the action be severed." In commenting upon this section, Judge LAUER states in his Municipal Court Practice (§ 219) that it " makes a

radical change in the practice heretofore existing in this court, and inaugurates a practice *which does not pertain in any other court of this state.* * * * The section is clearly intended to bring about a practice freed from technicalities and to permit of the working of substantial justice between litigants but always within the control and under a sound discretion of the court." In exercising this discretion, it is to be noted that both causes of action involve substantially the same issue of fact, namely, the unwholesomeness of the food for human consumption. The causes of action, therefore, ought not be severed.

As to the joinder of the parties, I think it is clearly proper. (*S. L. & Co., Inc.,* v. *Bock,* 118 Misc. 756; *Virdone* v. *Globe Bank & Trust Co.,* 235 App. Div. 125.)

Motion denied, with ten dollars costs.