**SHIDLER v PIEDMONT LAND CO**

Ohio Appeals, 5th Dist, Stark Co

No 1480.   Decided October, 1934

Leo J. Brumleve, Jr., Cincinnati, and Benjamin P. Pink, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadley, Cincinnati, and Ragland, Dixon & Murphy, Cincinnati, for defendant in error.

For full opinion see 49 Oh Ap 122.

Curtis M. Shetler, Canton, for plaintiff in error.

Hart, Blumenstiel & Strong, Canton, for defendant in error.

**OPINION**

By LEMERT, J.

We will deal with the second alleged ground of error first, that the court below, the Municipal Court of the City of Alliance, had no jurisdiction over the subject matter of this action. The above mentioned ground of error was not raised by the defendant in either the Municipal Court of

Alliance, Ohio or the Common Pleas Court of Stark County, Ohio and is therefore being presented to this court for the first time. It is elementary that an objection to the lack of jurisdiction of the subject matter can be raised for the first time in the Appellate Court. 2 **Ohio Jur., page 209.**

The statutes creating the Municipal Court of Alliance, Ohio and which also limit the jurisdiction of said court are as follows:

"Sec 1579-197 GC—Jurisdiction in criminal and civil proceedings.

Said Municipal Court herein established shall have the same jurisdiction in criminal matters and prosecutions for misdemeanors, for violations of ordinances as Mayor of Cities and any Justice of the Peace, and in addition thereto shall have ordinary civil jurisdiction within the limits of said City of Alliance and Townships of Lexington and Washington, in the County of Stark and State of Ohio, in the following cases:

2. In all actions and proceedings at law for the recovery of money and of personal property of which the Court of Common Pleas has or may be given jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought to be recovered does not exceed $1,000, and in such actions judgment may be rendered for over $1,000, when the amount over $1,000 shall consist of interest or damages, or costs accrued after the commencement of the actions."

"Sec 1579-202 GC—When amount exceeds authorized judgment.

When the amount due to either party exceeds the sum for which the Municipal Court is authorized to enter judgment, such party may remit the excess, and judgment may be entered for the residue. Defendant need not remit such excess, and may withhold setting it off. A recovery for the amount set off and allowed, or any part of it, shall not be a bar to his subsequent action for the amount withheld."

The first above quoted statute provides that the maximum amount is determined by the amount claimed. In the case at bar the plaintiff actually claimed more than the jurisdictional limit of the Municipal Court and the judgment rendered in this case was in excess of that amount. The question is then raised as to whether the fact that the total amount claimed by the plaintiff is separated into two causes of action, in each of which the amount claimed is less than $1,000 gives the Municipal

Court jurisdiction. In the instant case the notes sued upon unquestionably arose out of the same transaction and they are in fact merely evidences of the unpaid balance of the purchase price paid for certain real estate, and the amount in controversy as shown by the prayer of the petition, is $1,135.00.

It is our opinion that the statute hereinbefore quoted definitely intended to limit the jurisdiction of the Municipal Court of Alliance, Ohio to disputes involving not more than $1,000.00, regardless of whether or not the amount in dispute is embodied in one cause of action or two causes of action. If this is not true, then a plaintiff in his petition or a defendant in a cross petition can give the Municipal Court jurisdiction to pass upon matters involving more than $1,000.00 by uniting two or more causes of action. We submit that the amount claimed, as used in the above mentioned statute, is the amount claimed in the entire petition for which judgment is sought, and which in the case at bar is $1,135.00.

The statute above quoted not only places a limit on the amount claimed, but also limits the amount of the judgment which the Municipal Court is authorized to enter at not more than $1,000.00, except in those cases where the excess consists of interest or damages or costs accrued after the commencement of the action.

Sec 1579-197 GC, above quoted, contains this statement:

**"Judgment may be entered for over $1,000.00 when the amount over $1,000.00 shall consist of interest or damages, or costs accrued after the commencement of the action."**

Sec 1579-202 GC, also hereinbefore quoted, provides:

**"When the amount due to either party exceeds the sum for which the Municipal Court is authorized to enter judgment, such party may remit the excess and judgment may be entered for the residue."**

In other words, the above sections of the General Code not only provide that the jurisdiction of the Municipal Court is dependent upon the amount claimed being less than $1,000.00, but also on the amount of the judgment being less than $1,000.00. It therefore follows that regardless of whether the amount claimed is governed by the amount sought in the whole petition or in each cause of action, the court still has no

jurisdiction to enter a judgment in excess of $1,000.00, which the court attempted to do in the case at bar.

We note that the journal entry in the court below is as follows:

"This cause coming on for hearing was submitted to the court for final determination upon the pleadings and the evidence, and on consideration thereof the court finds on the issue joined for the plaintiff and finds that the defendant, Wade W. Shidler, is indebted to The Piedmont Land Company for principal and interest in the sum of $1,135.00 and costs of suit.

It is therefore ordered and adjudged that the defendant pay to the plaintiff the sum of $1,135.00 and costs of suit."

The above entry, on the face of it, does not show that the amount in excess or over $1,000.00 was for any interest, damages or costs accrued after the commencement of the action. This being true, from the record before us, the finding and judgment of the court below, as shown by the journal entry, shows on its face a judgment for an amount in excess of that which the Municipal Court has jurisdiction over. Since the Municipal Court of Alliance, Ohio had no jurisdiction over the subject matter, it follows that its judgment and the judgment of the Court of Common Pleas was null and void, and on this ground this cause is reversed and remanded to the court below for further proceedings according to law.

As to the first alleged ground of error, it is unnecessary for this court to decide and determine, entertaining the views that this court has upon the matter or question of jurisdiction.

Judgment rversed and cause remanded. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.