JEAN MARCUS, Plaintiff, *v.* DORA BADER, Defendant.

City Court of New York, Bronx County, July 27, 1935.

*Joseph L. Rauzenhofer*, for the motion.

*Bernard L. Seligman*, opposed.

DONNELLY, J. The action is brought to recover damages for slander alleged to have been uttered by defendant of and concerning plaintiff on two separate and distinct occasions. Availing herself of the right so to do by section 258 of the Civil Practice Act,

plaintiff joins the two causes of action in one complaint and demands a separate judgment on each cause of action in the sum of $3,000.

The test of this court's jurisdiction is the amount for which the complaint demands judgment. (N. Y. Const. art. 6, § 15; N. Y. City Court Act, § 16, subd. 1; Laws of 1926, chap. 539, effective January 1, 1927.)

A question entirely different from that which is presented here arose in *Dobrikin* v. *Union Ry. Co.* (130 Misc. 796) and in *Spetler* v. *Jogel Realty Co.* (224 App. Div. 612). In the *Dobrikin* case the complaint set forth two causes of action, one by the wife for personal injuries, the other by the husband for loss of services and for medical expenses incurred by reason of the wife's injuries. Each plaintiff demanded judgment for $3,000. In the *Spetler* case three joined as plaintiffs in one complaint to recover damages by reason of the negligence of the defendant landlord; the wife and son for personal injuries growing out of the same accident, and the father for loss of services and for expenses incurred. In each of the four causes of action the sum of $3,000 was demanded. In each of those cases the joinder was made pursuant to section 209 of the Civil Practice Act. In the *Spetler* case the court said: " While the proper test of jurisdiction of the City Court, under the provision of the Judiciary Article of the Constitution of the State  *  *  *  and section 16 of the New York City Court Act, is the amount for which judgment is demanded in the complaint, we hold that in the circumstances here disclosed, each cause of action must be considered as a separate complaint. Otherwise, the beneficient provisions of section 209 of the Civil Practice Act will be denied at times to litigants. By section 65 of the New York City Court Act  *  *  *  section 209 of the Civil Practice Act is made applicable to the City Court.  *  *  *  It is obvious, therefore, that the purpose of section 209 was to afford plaintiffs who have claims which involve common questions of law or fact the right and opportunity to join in one complaint. Though the aggregate claims of the several plaintiffs exceed the sum of $3,000, the constitutional inhibition is not thereby violated, for the reason that the separate claim of and the amount demanded by each is within the jurisdiction limit."

The language of the Constitution of the State of New York defining the jurisdiction of this court is: " The City Court of the City of New York is continued  *  *  *  it shall have the same jurisdiction  *  *  *  and  *  *  *  jurisdiction concurrent with the Supreme Court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding three thousand dollars, and interest." The complaint always consists of, *first,* a statement setting forth one or more causes of action; and, *second,* a prayer for judgment. The purpose of joining two

or more causes of action in a single complaint is that all matters of difference between plaintiff and defendant may be determined *in one action*. The same reason exists for joining two or more plaintiffs in one complaint. In the latter case, however, each plaintiff who so joins in a single complaint in an action brought in this court is entitled to demand therein a separate judgment on his cause of action for an amount within the limits of this court's jurisdiction. His statement as to his cause of action is, as to him, his complaint, separate and distinct from the others who joined in the same complaint. At bar, there is but one plaintiff, one complaint, one action, and there can, therefore, be but one judgment. It is true that where two or more plaintiffs join in the one complaint, pursuant to section 209 of the Civil Practice Act, there is but one action, but the distinguishing feature between that situation and the one at bar is, that in the former instance there are several plaintiffs in the one action each entitled to have his cause of action treated as a separate complaint.

Defendant's motion to dismiss complaint is granted, with ten dollars costs, unless within ten days after service of a copy of this order, plaintiff moves, pursuant to section 110 of the Civil Practice Act, for the removal of the action to the Supreme Court.