SCHWARTZ BROTHERS TRUCKMEN, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS, LOCAL 478 (AN UNINCORPORATED ASSOCIATION CONSISTING OF MORE THAN SEVEN MEMBERS AND RECOGNIZED BY THE ABOVE NAME), DEFENDANT-APPELLANT.

Submitted January 21, 1941—Decided May 1, 1941.

Before Justices BODINE, PORTER and COLIE.

For the defendant-appellant, *Sugrue & Hoey*.

For the plaintiff-respondent, *Cox & Walburg* (*William H. D. Cox*, of counsel).

The opinion of the court was delivered by

COLIE, J. Schwartz Brothers Truckmen, Inc., hereinafter referred to as Schwartz Brothers, plaintiff-respondent, entered into a contract with International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers, Local 478, defendant-appellant, hereinafter referred to as Local 478, which contract was to remain in effect until September 1st, 1940. Section 18 thereof reads as follows:

"Should any difference arise · between employer and employe the same shall be submitted to arbitration by both parties; failing to agree they shall mutually appoint an umpire whose decision shall be final and binding. If a teamster or chauffeur is removed from service for any doubtful cause he shall have a fair and impartial investigation within three days, at which he may be present and have the right to call in a member of the committee who shall be present. No strike shall be called pending a decision."

On or about August 3d, 1939, Whitehead, an employe of Schwartz Brothers, was discharged for cause, and an investigation conducted within three days. On or about September 11th, 1939, Wiatrosky, another employe, was discharged for

cause and an investigation conducted within three days. On October 19th, 1939, Leo Carlin, president of Local 478, demanded the re-employment of Whitehead and Wiatrosky. Schwartz Brothers refused and called to Carlin's attention the provisions of section 18, offering to arbitrate in accordance therewith. Carlin's answer was the calling of a strike which lasted from October 19th, 1939, to October 25th, 1939. To recover damages arising from a breach of the contract, Schwartz Brothers brought suit against Local 478 in the First District Court of the City of Newark and recovered judgment in the sum of $383.85 and costs. From this judgment the present appeal is taken. Appellant argues error by the trial court in admitting incompetent and immaterial evidence relating to damages. One Kappell, an accountant and auditor of the books of Schwartz Brothers, testified that at the request of the attorney for Schwartz Brothers, he had examined the company's figures for 1939 and from them was able to testify as to the earnings per day of the trucks, over and above all costs. The record follows:

"*Q.* What was that?

"Mr. Sugrue: I object to this, if the court please, on the ground that the figures and records have not been purposely identified. They offer no means of cross-examination.

"The court: Overruled.

"*Q.* What was that? A. The amount per unit was $8.53.

"The court: What does per unit mean? Per truck?

"The witness: Per truck.

"Mr. Cox: Cross-examine.

"Mr. Sugrue: No questions."

Appellant argues that this evidence was not admissible, as the witness did not first establish that he had special knowledge of the subject in controversy that qualified him to give an opinion. The question of the qualification of the witness as an expert is a preliminary question for the court. *Electric Park Amusement Co.* v. *Psichos,* 83 *N. J. L.* 262. In view of the fact that the witness was an accountant and auditor of the company whose books he had gone over to gather his data, we think there was no error committed which amounted to an abuse of discretion.

Appellant next argues that the District Court was without jurisdiction because the damages in the instant suit and the damages in another suit, still pending, exceeded the statutory limit of $500. To determine this point requires a rather extended review of the facts. On October 20th, 1939, the respondent herein filed a suit in the First District Court of the City of Newark in which it sought damages from the appellant for breach of its contract which resulted in a strike that lasted from September 8th to 15th, 1939. That suit was tried on June 19th, 1940, and resulted in a nonsuit. The next development was the filing of the present suit on June 28th, 1940, between the identical parties to the suit that had ended with a nonsuit. The present suit was to recover damages from a strike between October 19th and 25th, 1939, and resulted in the judgment appealed from. We now come to a consideration of the third suit and find that there is an added defendant, William Wiatrosky. This last suit was filed June 28th, 1940, summons tested July 18th, 1940, and on October 30th, 1940, a rule was entered marking the case "not moved." It sought damages resulting from the strike between September 8th and 15th, 1939.

The first suit, in point of time, was nonsuited and thereby ended and need not be further considered. The situation as it existed on December 13th, 1940, when the judgment appealed from was entered was as follows: Schwartz Brothers had pending a suit against Local 478 for damages from the strike of October 19th to 25th, 1939. It also had pending a suit against Local 478 or in the alternative William Wiatrosky for damages from the strike of September 8th to 15th, 1939.

The rule in New Jersey is definitely settled that a single or entire cause of action cannot be subdivided into several claims, and separate actions maintained thereon. *Smith* v. *Red Top Taxicab Corp.,* 111 *N. J. L.* 439. Exceptions to the general rule will be found in 1 *C. J. S.,* § 103, b. (1) :

"The rule against splitting a cause of action is inapplicable to a contract of a continuing nature which is not terminated by a single breach, and separate breaches of such a contract can be made the subject of separate successive actions; but questions put in issue and decided in one action which apply

with equal force to the contract in its entirety may not be litigated a second time in a subsequent action based on the contract."

And b. (2):

"If at the time an action is commenced on a separable and divisible contract several defaults have occurred or more than one claim or installment is due thereunder, all such breaches or claims or installments are but parts of one indivisible demand, constituting but one cause of action, and must be included in the action if recovery therefor is to be had, the rule applying to all claims or demands arising out of the same contract, although based upon separate and distinct covenants or stipulations thereof, except where the separate demands, although they arise out of the same contract or transaction and are due at the time of the first action are independent of each other to an extent such as to form separate and distinct causes of action."

The contract under consideration was susceptible of more than one breach. It was breached when Local 478 refused to arbitrate in the case of the employe, Whitehead, and it was again breached in the refusal to arbitrate in the case of Wiatrosky. We therefore conclude that the District Court had jurisdiction to try this cause and that there was no waiver by failure of Schwartz Brothers to join the present cause of action in the suit which was nonsuited.

The judgment appealed from is affirmed, with costs.