**BOWLES, Price Administrator, v. COOK CHEESE CO. et al.**

**Civil Action No. 654.**

District Court, W. D. Wisconsin.

May 19, 1944.

---

Lee K. Beznor, of Milwaukee, Wis., and Floyd E. Wheeler, of Madison, Wis., for plaintiff.

Paul J. Donovan, of Chicago, Ill., for defendants.

STONE, District Judge.

Plaintiff in this action seeks to recover treble damages against the defendants on behalf of the United States, based on the alleged sale and delivery of cheese by defendants at prices in excess of those established by Maximum Price Regulation 280.

Defendants have filed a motion to dismiss the complaint upon the grounds that the plaintiff is not a proper party to maintain this action, that the complaint fails to join members of the cooperative association as parties defendant, and that it does not allege the date of sale, names of purchasers and the amounts of the specific overcharges.

■ The plaintiff is a proper party to maintain this action inasmuch as Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), authorizes the Administrator of the Office of Price Administration to institute and maintain an action for treble damages under the conditions and circumstances as alleged in the complaint.

■ The complaint fully complies with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that it contains a short and plain statement of the grounds upon which the Court's jurisdiction depends, of the claims showing plaintiff is entitled to relief, and a demand for judgment. There is no necessity to allege, in addition to the averments contained in the complaint, specific amounts of overcharges, names of purchasers, or dates of sale. This information, if not now in possession of defendants, may readily be obtained by defendants by interrogatories, depositions and discovery, or at a pretrial conference, as provided by statute.

■ The contention that all the members of the cooperative association should be joined as defendants is without merit. The complaint alleges that the members of defendant company constitute a class and that it would be impracticable to bring them all before the Court. That portion of Rule 23 of the Federal Rules of Civil Procedure pertinent to the issues involved in this motion provides: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

The defendant, Cook Cheese Company, is a cooperative organization made up of farmers who have voluntarily joined together to operate a cheese factory in the community where they reside. Obviously, it would be impracticable to bring all the members before the Court. Rule 23 of the Federal Rules of Civil Procedure provides a method of safeguarding and protecting the rights of those constituting the class. Plaintiff has named as defendants the treasurer and a cheese maker of the association, who were designated as such officer and employee by the members of the defendant, Cook Cheese Company. The selection by plaintiff of these men as defendants will fairly insure the adequate representation in this action of all the members of the defendant company. Members of the association desiring to be made parties defendant may, upon petition and

444

an order of the Court, be impleaded as defendants.

It is, therefore, ordered that the motion of the defendants to dismiss the complaint herein be and the same is hereby denied, without costs. The defendants may have an exception.