### McCHESNEY v. MOORE.
#### No. 1007.

Municipal Court of Appeals
for the District of Columbia.

Argued Dec. 18, 1950.

Decided Jan. 25, 1951.

es. Apparently (although the record is indefinite on the subject) the first counterclaim over which the Municipal Court undoubtedly has jurisdiction was dismissed as being too indefinite and the other two counterclaims, each of which was within the $3,000 jurisdictional limit of the trial court but which in the aggregate exceeded such limit, apparently were dismissed as being beyond the jurisdiction of the court.[1] In dismissing the counterclaims, however, the trial court gave leave to amend each of them. Instead of amending or refusing to amend, defendant appealed from the order of dismissal and also filed with the trial court a stipulation, signed by counsel for both plaintiff and defendant, extending the time within which the counterclaims might be amended "to and including five days after disposition and termination of her appeal."

Although the trial court was not a party to this stipulation, it seems to us that there is such a lack of finality in the entire proceedings below as to prevent this from being an appealable order within the meaning of the statute regarding appeals to this court.[2] It has often been stated that it is not within the province of appellate courts to decide abstract, hypothetical or moot questions, disconnected with the granting of actual relief or from the determination of which no practical relief can follow. It has also been properly said that an appellate court will not consider a fictitious case submitted merely for testing the right to do a particular thing and on the same principle the general rule is well settled that if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the question becomes moot and the appeal will be dismissed. A question may be rendered moot by the action of the parties themselves.[3]

We have concluded that the order appealed from is not a final order and therefore that the appeal must be dismissed. We nevertheless think it appropriate in the

Louis P. Haffer, Washington, D. C., James G. Boss, Washington, D. C., on the brief, for appellant.

Josiah Lyman, Washington, D. C., Kathryn M. Schwarz, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The Municipal Court dismissed three separately stated counterclaims of defendant interposed in an action brought by plaintiff-landlord for rent and water charg-

---

1. Code 1940, Supp. VII, § 11—755(a).
2. Code 1940, Supp. VII, § 11—772(a).

3. See 4 C.J.S., Appeal and Error, § 40.

interest of the speedy administration of justice to mention certain considerations which occur to us, not as expressive of a final opinion but merely as suggestive of the field of investigation. We do so because we can not determine now what amendments may be offered by defendant, because at least some of the considerations mentioned below may not arise, because the parties have not argued the case on the basis of most of the cases from other jurisdictions mentioned below, and because the parties may unknowingly prejudice their rights.

To the complaint claiming $1,400 unpaid rent and $300 water charges, defendant filed a paper divided into five parts. The first part consisted of a general denial of the allegations of the complaint. In the second part, denominated affirmative defense, the defendant claimed that the premises in question had been rented to defendant by plaintiff in 1947 to be used for living, office and club activities, that the premises had been rented on January 1, 1941, or within one year ending on that date, and that the rent charged defendant exceeded the applicable rent ceiling, and furthermore that the minimum services furnished were less than the minimum service standards for the premises. The next three parts were denominated defendant's first, second and third counterclaims. The first did not state the amount claimed but in general terms demanded judgment in an amount representing double the alleged rent overcharge and double the value of the services of which defendant claimed she had been deprived. The next claimed judgment for $2,500 based upon an allegation that plaintiff had agreed to make the premises conform to the fire regulations of the District of Columbia and that upon the plaintiff's failure to fulfill his contract defendant had been compelled to make the installation. The final counterclaim pleaded an agreement separate in time and content from the previous one which plaintiff had made to repair the premises. Defendant alleged this agreement had been breached by plaintiff and claimed $2,000 on account thereof.

▇ Under the Rent Act, Code 1940, Supp. VII, 45—1610(a), the Municipal Court is given jurisdiction of claims for rent overcharges and violations of minimum service requirements irrespective of the amounts involved. The first counterclaim, therefore, was clearly within the jurisdiction of the Municipal Court. Considered as a matter of pleading, it has been held under other statutes permitting the recovery of multiple damages for overcharges or underpayments that the amount of such charges or payments need not be stated in the claim.[4] If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party can not reasonably be required to frame a responsive pleading, a motion to make more certain is more appropriate than a motion to dismiss where it seems clear that regardless of vagueness the party filing a pleading has a claim upon which an action may be based.

▇ As to the second and third counterclaims, each of them is within the $3,000 jurisdiction of the Municipal Court if considered separately but if aggregated they exceed such jurisdiction. Admittedly, a party can not split up an entire cause of action and maintain several actions, each for part of his demand, and the same rule applies to a counterclaim.[5]

Rule 13(a) of the Municipal Court, based upon rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., *requires* a defendant to state as a counterclaim any claim over which the court has jurisdiction which at the time of filing the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court can not acquire jurisdiction. By rule 13(b) of the Municipal Court, based upon rule 13(b) of the Federal Rules of

4. Bowles v. Cook Cheese Co., D.C.W.D. Wis.1944, 6 F.R.D. 442; Winslow v. National Electric Products Corp., D.C.W.D. Pa.1946, 5 F.R.D. 126, 129.

5. See Silberstein v. Begun, 232 N.Y. 319, 133 N.E. 904.

Civil Procedure, such a counterclaim *may* be filed if it does not arise out of the transaction or occurrence which is the subject matter of the opposing party's claim, provided the trial court has jurisdiction over the counterclaim. We do not decide now whether the asserted counterclaims are compulsory or permissive.

This point is further emphasized by the decision in Geracy, Inc. v. Hoover, 77 U.S. App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185, holding that if a defendant possessing a claim in excess of the then jurisdiction of the Municipal Court interposed such claim as a defense to an action in the Municipal Court defendant was bound by the result by the rule of *res judicata* and could not thereafter urge the larger claim in the United States District Court for the District of Columbia. The court added that the Municipal Court lacked power to give judgment beyond its jurisdictional limit.

Assuming, therefore, that all of the counterclaims were reinstated and that the trial court found defendant entitled to recover in a net amount exceeding the jurisdiction of the Municipal Court (aside from the counterclaim under the Rent Act), would the court be authorized to enter judgment for such amount? May more than one judgment for a party be entered in a single action between the same parties?

In Marcus v. Bader, 156 Misc. 730, 282 N.Y.S. 503, 505, plaintiff combined in one action two separate causes of action which in the aggregate exceeded the jurisdiction of the City Court of New York but separately were within such jurisdiction. The action was dismissed as being beyond the jurisdiction of the court, the court saying, "At bar, there is but one plaintiff, one complaint, one action, and there can, therefore, be but one judgment. It is true that where two or more plaintiffs join in the one complaint * * * there is but one action; but the distinguishing feature between that situation and the one at bar is that in the former instance there are several plaintiffs in the one action each entitled to have his cause of action treated as a separate complaint."

In Shidler v. Piedmont Land Co., 50 Ohio App. 256, 198 N.E. 60, 61, a case involving the jurisdiction of the Municipal Court of Alliance, Ohio, it was said: "It is our opinion that the statute hereinbefore quoted definitely intended to limit the jurisdiction of the municipal court of Alliance to disputes involving not more than $1,000, regardless of whether the amount in dispute is embodied in one cause of action or two causes of action. If this is not true, then a plaintiff in his petition or a defendant in a cross-petition can give the municipal court jurisdiction to pass upon matters involving more than $1,000 by uniting two or more causes of action. We submit that the amount claimed, as used in the above-mentioned statute, is the total amount claimed in the entire petition for which judgment is sought, and which in the case at bar is $1,135."

We have collected in the margin some of the authorities apparently contra but some of which are distinguishable from the case at bar.[6]

We are here following a concededly unusual course in suggesting authorities without announcing a decision on the merits because the jurisdiction of the Municipal Court in such a matter is a question of very wide importance and because we do not consider that we should decide the point finally until the parties have placed their pleadings in final form and until the facts are more fully disclosed by the record.

Appeal dismissed.

6. Tomaso v. Sestak, 321 Ill.App. 363, 53 N.E.2d 134; Schwartz Bros. Truckmen v. International B., Etc., 126 N.J.L. 379, 19 A.2d 690; Femia v. City of Bayonne, 166 A. 922, 11 N.J.Misc. 553, affirmed 112 N.J.L. 89, 170 A. 56; Schaap v. State Nat. Bank of Texarkana, 137 Ark. 251, 208 S.W. 309; Reaves v. Turner, 20 Okl. 492, 94 P. 543; Harris v. Castleberry, 3 Ind.T. 576, 64 S.W. 541; Phelps v. Abbott, 116 Mich. 624, 74 N.W. 1010; Thecker v. Milburn, Fed.Cas.No.13,876, 1 Hayw. & H. C. C. 271; Moore v. Hough, Fed.Cas.No.9,766, 2 Cranch C.C. 561; 21 C.J.S., Courts, §§ 63, 65.