SYBIL J. HENLEY, Plaintiff, *v.* CHARACTER REFRIGERATOR CORP. et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, April 26, 1955.

*Robert Goldstein* for defendants.

*Redman & Rogers* for plaintiff.

LORETO, J. The defendants move to dismiss the complaint on the ground that the court lacks jurisdiction. This action was commenced in the City Court of the City of New York by the service of a summons with complaint annexed, which are not submitted on this motion. It is claimed that several causes of action are stated in the complaint totaling in excess of the sum of $3,000, however, the plaintiff demanding in the prayer for relief judgment in the sum of $3,000.

The City Court by its order (not produced nor exhibited on this motion) directed a reduction of the plaintiff's claim to the sum of $3,000 in directing the removal of the case to this court.

It is urged that since the City Court never had jurisdiction of this action, this court did not acquire jurisdiction. The defendants' position is premised on the argument that the City Court jurisdiction at the time the summons and complaint herein was served was limited to a sum not exceeding $3,000 exclusive of interest and that the prayer for relief in the City Court complaint is not the determining factor on this question but that the total of the amounts claimed in each separately stated cause of action is the sum to be considered in determining whether " the complaint demands judgment for a sum not exceeding $3000 *xx* and interest ".

There occurs to this court the possible impropriety in arrogating to itself, a court of lesser jurisdictional limits, the power of determining whether this action was properly lodged originally in the court of greater jurisdictional limits. For whether a court has jurisdiction over an action is ordinarily first passed upon in the court where the suit has been instituted and its ruling then may be passed upon by an appellate court. The new Special Rule III of the rules of the City Court of the City of New York, pursuant to which the transfer was effected herein has created this novel problem. Promulgated by the Appellate Division of the First Judicial Department, the rule reads as follows: " *Transfer to Municipal Court on Consent.* An action may be

transferred to the Municipal Court upon the written consent of the parties to such transfer and to the reduction of the amount of damages demanded in any pleading to a sum within the monetary jurisdiction of the Municipal Court. Upon the filing of such consent, a justice of the City Court shall make an order transferring the cause to the Municipal Court. The Clerk of the City Court in which such action is pending, upon the filing with him of such an order and a certified copy thereof, shall transfer such certified copy of such order and all papers and records in such action to the court to which the same has been ordered removed, and thereupon the action shall continue in such court as if originally instituted therein. If at the time of the entry of such order a fee for the filing of any process, note of issue or other paper in the action, or trial fee or jury fee, shall have been paid in the City Court, a fee for the same or similar type of charge or purpose shall not be required to be paid in the Municipal Court. The party to whom costs shall be awarded in the Municipal Court shall be entitled to include as disbursements fees paid by him in the City Court prior to the entry of such order ''.

The court is of the opinion that it was intended thereby to lodge the case for all purposes in the court to which it is thereby removed.

The rule provides that upon the transfer of the cause '' thereupon the action shall continue * * * as if originally instituted therein ''. If the point raised cannot logically be now resolved in this court, then there would be created an anomaly by the rule, as it could no longer be passed upon by the City Court which has divested itself of further control of and authority over the cause by the transfer. This would create a situation running contrary to standard practice and procedure. Such a void was not intended and it would be intolerable to permit its existence.

As the demand in the complaint did not exceed the sum of $3,000, the limit of the jurisdiction of the City Court at the time suit was commenced, that court had jurisdiction. (*Spetler* v. *Jogel Realty Co.*, 224 App. Div. 612.)

In this case, what the order of transfer accomplished was merely to reduce the claim, leaving the demand for judgment the sum of $3,000, the amount to which the jurisdiction of this court has recently been increased while that of the City Court was simultaneously increased to the sum of $6,000. The motion is therefore denied.