Frank D. Paulo, J.
The within action was tried by the court and a jury in Kings County Division of the City Court on April 15,16 and 17,1957.
The plaintiffs Evelyn Robles and Sam Robles by their summons and complaint alleged three causes of action against the defendants. The plaintiff Evelyn Robles was a passenger in a taxicab owned and operated by Joseph Rushfield, which taxicab was involved in an accident with a vehicle owned and operated by Louis Weinstein at or near the intersection of Dumont Avenue and Snediker Avenue in the borough of Brooklyn, on the 1st day of April, 1954. Plaintiff Evelyn Robles alleges that as a result of the negligence of the defendants, she suffered personal injury and was damaged to the extent of $6,000.
Plaintiff Sam Robles, husband of the coplaintiff, alleged two causes of action in the complaint. In the first cause of action Sam Robles made a claim for personal injuries suffered when he, too, was riding as a passenger in the taxicab owned and operated by Joseph Rushfield, alleging negligence against both defendants and further alleging that he suffered damages in the sum of $6,000.
As a second cause of action the plaintiff Sam Robles asked for a recovery against the defendants for the loss of service and medical expenses arising as a result of the injuries suffered by his wife Evelyn Robles in the sum of $1,000.
In the prayer for relief the plaintiffs asked for separate recoveries on each one of their causes of action together with the costs and disbursements of this action.
In the course of the trial and after the plaintiffs had put in their prima facie case a motion was made by the defendants to dismiss the complaint of the plaintiff Sam Robles on the ground that the amount demanded by the plaintiff Sam Robles exceeded the jurisdiction of the City Court. The court reserved decision on this motion as well as a similar motion made at the end of the entire case and submitted the entire case to the jury. The jury returned a verdict in favor of the plaintiff Evelyn Robles in the sum of $3,000, and in favor of the plaintiff Sam Robles on his first cause of action in the sum of $2,032, and on his second cause of action in the sum of $600. The court continued to reserve decision on the motion made to dismiss the complaint of the plaintiff Sam Robles for lack of jurisdiction.
*736 The jurisdiction of the City Court of the City of New York is defined in section 15 of article "VT of the New York State Constitution. The Constitution provides: ‘‘ The city court of the city of New York is continued with its present jurisdiction and power, including original jurisdiction concurrent with the supreme court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding six thousand dollars, and interest ”.
The New York City Court Act provides in paragraph 1 of section 16 that in an action for the recovery of money only, jurisdiction of the court is limited in a complaint to a demand not exceeding the sum of $6,000.
The test of the jurisdiction as to the amount sued for in the City Court, as set forth both in the State Constitution and the New York City Court Act depends entirely upon the amount demanded in the complaint and not upon the recovery.
The enactment of subdivision 1 of section 212 (formerly Civ. Prac. Act, § 209) and section 258 of the Civil Practice Act expresses the policy of the Legislature to encourage the joinder of causes of action in one complaint where common questions of law and fact are involved in one litigation. The joinder provisions originally adopted and presently followed are designed to avoid a multiplicity of lawsuits.
The plaintiff husband in this action could have brought separate lawsuits for his personal injuries and for the derivative right he had to be reimbursed for medical expenses and loss of consortium as far as his wife’s injuries were concerned. It has been held that a plaintiff may by motion consolidate in this court separate lawsuits brought by him against different defendants where the amount claimed in each action does not exceed the jurisdiction of the court. (See A. G. Curtain Mfg. Co. v. Law Union & Rock Ins. Co., 138 Misc. 556.) The granting of such a motion resulting in one trial in the City Court would not in any way violate the jurisdictional requirements of the State Constitution and the New York City Court Act.
It has been held that each cause of action in a complaint should be considered as a separate complaint by the party who alleges the cause of action. The rights of a litigant may be determined with respect to the particular cause of action that he has alleged. (See Spetler v. Jogel Realty Co., 224 App. Div. 612, 613; Dobrikin v. Union Ry. Co., 130 Misc. 796.)
Although for a period of time there was a difference in the rules followed in the first and second departments (see Spetler v. Jogel Realty Co., supra, and Dilworth v. Yellow Taxicab Corp., 220 App. Div. 772), it is now settled law that several *737 plaintiffs alleging separate causes of action in one complaint, where the aggregate amount demanded exceeds the jurisdictional limit of the City Court may, nevertheless, prosecute their claims to judgment in this court, provided each cause of action demands an amount within the limits set by the State Constitution and the New York City Court Act, and, provided further, that separate judgments are demanded within the prescribed limits. (See Spetler v. Jogel Realty Co., supra, and Merten v. Queen Rental Corp., 241 App. Div. 831.)
Since the test of jurisdiction is the amount demanded in the complaint and since each cause of action alleged in a complaint is to be considered a separate complaint, there would appear to be no persuasive reason why a plaintiff who alleges in separate causes of action a claim for damages in the sum of $6,000, and $1,000, respectively, and in his final demand for judgment makes a demand for separate judgment on each cause of action in the sum of $6,000 and $1,000, respectively, should not be sustained so far as jurisdictional amount is concerned.
In Spetler v. Jogel Realty Co. (supra) the plaintiffs alleged four separate causes of action. In the first cause of action Mrs. Spetler made a demand for damages in the sum of $3,000 for personal injuries; in the second cause of action Jacob Spetler, as father of an infant plaintiff, made a demand for loss of services and medical expenses incurred with regard to his son’s injuries in the sum of $3,000; the infant plaintiff by his guardian ad litem made a demand for personal injuries suffered in the sum of $3,000; Jacob Spetler, as the husband, made a demand in the fourth cause of action for loss of services and medical expenses incurred by virtue of his wife’s personal injuries for the sum of $3,000. The complaint in that case clearly set forth four causes of action, each demanding the sum of $3,000, with one plaintiff in two separate causes of action asking for $3,000 in each cause of action. (The jurisdiction of the City Court at the time was $3,000.)
In the prayer for relief the complaint in the Spetler case (supra) alleged: ‘‘ Wherefore, plaintiffs demand judgment against the defendant for the sum of $3,000 as alleged in the first cause of action; for the sum of $3,000 as alleged in the second cause of action; for the sum of $3,000 as alleged in the third cause of action; and the sum of $3,000 as alleged in the fourth cause of action, together with the costs and disbursements of this action.” The record at page 46 (folios 136, 137) indicates that a motion was made to dismiss the complaint on the ground that the complaint demanded more than the jurisdictional limits of the City Court. This motion was denied. The *738 same motion was made at the end of the entire case and the motion was once again denied by the trial court. On appeal to the Appellate Term of the First Judicial Department, the judgment in favor of the plaintiffs was reversed, the Appellate Term in its opinion holding that the City Court had no jurisdiction, citing as its authority the case of Dilworth v. Yellow Taxicab Corp. (supra). The Appellate Term dismissed the complaint.
On appeal to the Appellate Division of the first department, the court reversed the Appellate Term and reinstated the judgment entered in the court below. The court pointed out in its opinion that nowhere in the complaint had there been a gross demand made by the plaintiffs in excess of the jurisdictional limits of the court, and that the judgment entered was not in gross, but for the specific sums indicated by each of the plaintiffs. Instead the plaintiffs had demanded separate judgments on each cause of action, the court citing with approval a decision in the case of Dobrikin v. Union Ry. Co. (supra) and pointing out the advantages of the joinder provisions of the Civil Practice Act as they existed at that time, concluded that the City Court had jurisdiction to entertain the complaint" and to try the action.
The complaint now before the court for decision so far as its form and the demands therein made cannot be distinguished from the complaint considered and approved by the Appellate Division of the first department in Spetler v. Jogel Realty Co. (supra). While the Appellate "Division of the second department has not passed upon the precise question now before this court for decision, it has said in Merten v. Queen Rental Corp (241 App. Div. 831, 832, supra): “ Events subsequent to our decision by a closely divided court in Dilworth v. Yellow Taxi Corp. (220 App. Div. 772) warrant an abandonment of the theory therein enunciated and, for the sake of uniformity, the adoption of the rule now prevailing in the First Department. (Spetler v. Jogel Realty Co., 224 App. Div. 612; Dobrikin v. Union Railway Co., 130 Misc. 796; Sirop v. Greenwood Co., 134 id. 836; affd., 228 App. Div. 799; see, also, 72 A. L. R. 204, note e.) ” (See Gattegno v. Goff, App. Term, 2d Dept., No. 693, June, 1934, Term.)
Both reason and authority require that the court adopt that construction which will reconcile the salutary purposes of the joinder statutes with the limitations as to jurisdictional amounts set forth in the New York State Constitution and the New York City Court Act. Not to be ignored as a factor is the importance of minimizing the cost to litigants of obtaining *739 a just and expeditious termination of their litigation by not relegating them to whatever other remedies they may have under section 110 or section 23 of the Civil Practice Act.
Motions by the defendants to dismiss the complaint of Sam Robles for lack of jurisdiction are denied. All other motions upon which the court reserved decision during the course of the trial are denied.
The plaintiffs may enter judgment on the verdict of the jury.