James S. Brown, Jr., J.
This is a negligence action arising out of an automobile collision. The amended complaint sets forth two causes of action, one for personal injuries for which damages in the amount of $6,000 are demanded, and the other for $1,148.40 as property damages. In the “ Wherefore ” clause of the amended complaint, plaintiff demands judgment for $6,000 on the first cause of action and $1,148.40 on the second cause of action.
The answer includes a defense that the amounts demanded are in excess of the jurisdictional limitation of the City Court of the City of New York.
Plaintiff moved to strike out this affirmative defense for legal insufficiency on the authority of Robles v. Rushfield (7 Misc 2d 734). In that case it was held that the City Court had jurisdiction where one of the plaintiffs alleged two causes of action, one for personal injuries in the amount of $6,000 and one for $1,000 for loss of services and medical expenses resulting from personal injuries suffered by his wife.
Defendant contended that the law applicable is set forth in Dilworth v. Yellow Taxi Corp. (220 App. Div. 772) decided by the Appellate Division of this Department. It was there held that where five plaintiffs had joined in an action in the Municipal Court and each plaintiff had demanded $1,000, there was but one action and one summons, and the complaint was dismissed as not being within the jurisdiction of the Municipal Court.
. The motion to strike out the affirmative defense was denied — apparently on the authority of the Dilworth case — and this appeal is from the order entered upon such denial.
*11 It is pertinent to observe that Dilworth v. Yellow Taxi Corp. (supra) is no longer the law in this Department and has not been since April, 1934. In Merten v. Queen Rental Corp. (241 App. Div. 831) onr Appellate Division changed its position with regard to jurisdiction where several plaintiffs join in one action but each separately states a cause of action and each demands a separate judgment in an amount within the limit of the court’s jurisdiction. In the Merten case, the Appellate Division said: ‘ ‘ The City Court has jurisdiction where several plaintiffs in one complaint each separately states his cause of action based on one and the same tort, and each demands a separate judgment in an amount not exceeding $3,000. Events subsequent to our decision by a closely divided court in Dilworth v. Yellow Taxi Corporation (220 App. Div. 772) warrant an abandonment of the theory therein enunciated and, for the sake of uniformity, the adoption of the rule now prevailing in the First Department. (Spetler v. Jogel Realty Co., 224 App. Div. 612; Dobrikin v. Union Railway Co., 130 Misc. 796; Sirop v. Greenwood Co., 134 id. 836; affd., 228 App. Div. 799; see, also, 72 A. L. R. 204, note e.) ”. It may also be noted that the complaint in Spetler v. Jogel Realty Co. (224 App. Div. 612) set forth four causes of action and that two of these causes of action were alleged by one of the plaintiffs and that he asked .for $3,000 damages in each of these two causes of action (the then limit of the monetary jurisdiction of the City Court).
Inasmuch as the plaintiff in the instant action might have brought separate actions for personal injuries and property damage, demanding damages in each up to the limit of the court’s jurisdiction, and these cases might properly have been consolidated, there appears to be no reason (as is pointed out by Paulo, J., in Robles v. Rushfield, supra) to hold that the jurisdiction of the court was exceeded when the plaintiff joined two separate causes of action, separately stated, in one complaint and the demand in each case was within the limit of the court’s jurisdiction.
Accordingly, the order denying the motion to strike out the affirmative defense should be reversed, with $10 costs and taxable disbursements to plaintiff, and the motion granted.
Pette and Habt, JJ., concur.
Order reversed, etc.