Maurice Wahl, J.
The plaintiff sues in two causes of action to recover from the defendant (a) the sum of $3,000 for personal injuries claimed to have been sustained by him by reason of an automobile accident that occurred on January 12, 1958, and (.b) for $150 for property damage sustained by his automobile by reason of the same accident, or a total of $3,150, for which amount judgment is demanded on the face of the summons. At the outset and before evidence was introduced and after the trial of the case, the defendant moved to dismiss the complaint on the ground that the court lacks jurisdiction of this case because it was for more than $3,000. In short, a mere demand *989 in excess of the court’s monetary jurisdiction (N. Y. City Mun. Ct. Code, § 6) is fatal. The court reserved decision on this motion.
The attorney for the defendant submitted a forceful brief contending that the court was ousted of jurisdiction because of the alleged excessive demand. The plaintiff merely contented himself with submitting a single inappropriate citation which merely holds that the test is the amount fixed in the summons even though the items total more than the jurisdictional sum. (Gunner v. Squibb & Sons, 150 Misc. 83.)
Independent research occasions a determination contrary to the defendant’s weighty but ineffective authorities, which are no longer recognized as prevailing. Starting with the abandonment of the doctrine enunciated in Dilworth v. Yellow Taxi Corp. (220 App. Div. 772 [2d Dept.]) our Appellate Division has clearly held that an aggregate demand of what appears to be the monetary limitation on jurisdiction is not fatal, albeit there were plural plaintiffs (Spetler v. Jogel Realty Co., 224 App. Div. 612 [1st Dept.]). The Second Department adopted that rule of law and renounced the rationale of the Dilworth case (supra), in Merten v. Queen Rental Corp. (241 App. Div. 831).
Defendant relies heavily on the decision of the Municipal Court in Orlowitz v. Mont (132 N. Y. S. 2d 444). This court respectfully disagrees with that determination and feels that the result is based upon faulty precedent, inapplicable to the situation presented here; and prefers to adopt the reasoning lucidly set forth in Robles v. Rushfield (7 Misc 2d 734).
Section 15 of the New York Municipal Court Code brings into this court’s ambit subdivision 1 of section 212 and section 258 of the Civil Practice Act expressing* legislative policy encouraging joinder of causes of actions in one complaint and thus avoiding multiplicity and repetition, and further avoiding wastage of time, money and manpower; and, incidentally, reducing the case load of the court and its personnel. It has been held that a plaintiff may consolidate several actions brought by him, where the amount claimed in each action does not exceed the jurisdiction of the court (Curtain Mfg. Co. v. Law Union & Rock Ins. Co., 138 Misc. 556). The granting of such a motion for consolidation would not in any way violate the jurisdictional requirement of the New York City Municipal Court Code or the State Constitution.
Acker v. Hanioti (89 N. Y. S. 2d 885 [App. Term, 1st Dept.]) reversed the lower court which had dismissed for lack of jurisdiction and clearly held that a joinder of causes of action involves a separate claim, citing Vigil v. Cayuga Constr. Corp. (185 Misc. *990 675, affd. 185 Misc. 680, affd. 269 App. Div. 934). The reversal by the Appellate Division (276 App. Div. 78) was on another ground, viz., that this court lacked equitable jurisdiction.
The question posed by the instant case is whether one plaintiff may sue for and recover more than the statutory monetary jurisdiction (N. Y. City Mun. Ct. Code, § 6), although they are separate causes of action, that is, (1) personal injuries, (2) property damage arising out of a common accident.
No one could properly question the plaintiff if separate summonses were issued, each within the monetary jurisdiction. Neither could a defendant named as such in both summonses be denied consolidation. (Robles v. Rushfield, supra.) Finally, this precise question seems to have been at issue in Jordon v. Ravitz (20 Misc 2d 9) an appeal from the City Court of the City of New York, Kings County, where the Appellate Term (2d Dept.) held (p. 11), ‘‘ Inasmuch as the plaintiff in the instant action might have brought separate actions for personal injuries and property damage, * * * each up to the limit of the court’s jurisdiction, and these cases might properly have been consolidated, there appears to be no reason * # * to hold that the jurisdiction of the court was exceeded when the plaintiff joined two separate causes of action, separately stated, in one complaint and the demand in each case was within the limit of the court’s jurisdiction”. That is precisely the case at bar.
The defendant’s further argument is that as the face of the summons demands more than the monetary jurisdiction of this court, it is ousted of jurisdiction. The argument is now untenable and undefendable. Firstly, the causes of action set forth in the oral complaint, is each within the monetary jurisdictional amount. Secondly, the mere fact that the pleading, in claiming $3,150, omitted the words “ as claimed in the causes of action set forth herein ” or similar words is inconsequential. The law is a living, growing and ambulatory science which, in keeping abreast of the mores and times of our generation, must be molded to reflect that progress. (Cardozo, J., The Paradoxes of Legal Science, § I, Best and Motion — Stability and Progress.)
It is ancient learning, worthy of repetition here, that ‘ ‘ The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view to-day.” (Wood v. Lucy, 222 N. Y. 88, 91.)
In any event, assuming that there was error herein, it is a ministerial or clerical one, and correction is permissible under section 105 of the Civil Practice Act and sections 15 and 93 of *991 the New York City Municipal Court Code. The motion to dismiss made by the defendant is herewith denied without reservation.
However, on the whole ease the plaintiff failed to establish his causes of action by a fair preponderance of the credible evidence. The only witness in the case was the plaintiff himself. The proof submitted was insufficient to justify a determination in his favor. Hence, judgment may be entered for the defendant dismissing the complaint.