■ FREDERICK C. BARON, et al., Respondents, v. BOBROY, INC., et al., Appellants, et al., Defendants.— In an action by 39 plaintiffs who, at different times, purchased 19 newly constructed houses, to recover damages for breach of warranty, fraud and negligence, the corporate defendants and the individual defendant Strassner appeal from so much of an order of the County Court, Suffolk County, entered June 30, 1959, as, *inter alia*, denies their motion: (1) to dismiss the complaint on the grounds that the court lacks jurisdiction of the subject matter and that the complaint is insufficient on its face; or (2) in the alternative, to strike out the names of all the parties plaintiff except the first one; or (3) in the alternative, to compel the plaintiffs to serve separate amended complaints stating their individual causes of action. Order modified by striking out the second ordering paragraph and by substituting therefor a

provision granting said defendants' motion to the further extent of severing the causes of action on behalf of each purchaser plaintiff or set of purchasers plaintiffs of each house and directing them to separately state and number their individual causes of action against the respective defendants. As so modified, the order insofar as appealed from, is affirmed, without costs. Within 30 days after the entry of the order hereon the plaintiffs, if so advised, may serve an amended complaint accordingly. Such amended complaint should also comply with the first decretal paragraph of the order from which no appeal has been taken. The intent of such paragraph is to reduce to $6,000, the jurisdictional monetary maximum of the County Court (Civ. Prac. Act, § 67), the *ad damnum* clause in each cause of action which may be pleaded. The complaint contains three causes of action for: (1) breach of warranty, (2) fraud, and (3) negligence, on behalf of the purchasers of 19 houses from the corporate defendants. There is no allegation in the complaint that the defects claimed are common to all the houses. Orderly procedure therefore requires that separate causes of action be stated on behalf of the owners of each of the 19 houses against the particular defendants claimed to be liable. Such procedure will also have the advantage of enabling each plaintiff to bring his cause or causes of action within the monetary jurisdictional limit of the County Court (cf. *Merten v. Queens Rental Corp.,* 241 App. Div. 831). The motion of the individual defendant Strassner to dismiss the second cause of action on the ground that he may not be held liable for fraud because he acted on behalf of a corporation in which he was an officer, was properly denied (*Hinkle Iron Co. v. Kohn,* 229 N. Y. 179; *Hubbell v. Meigs,* 50 N. Y. 480; *Barbara v. Pasquale Avallone & Stefano Miele,* 243 App. Div. 357). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.