John P. Donohoe, J.
This motion for a judgment, pursuant to CPLR 7804 (subd. [f]), dismissing the petition herein and this proceeding, upon the ground that the maintenance of this proceeding and the granting of the relief sought herein is barred by the provisions of CPLR 7801 (subd. 1), since adequate alternative relief is available to petitioner by way of an appeal to the Commissioner of Education pursuant to the provisions of section 310 of the Education Law is denied.
In this proceeding under CPLR article 78, a probationary school teacher sues to compel a board of education to reinstate him to a post as a physical education teacher. The respondent moves to dismiss the petition upon the ground that CPLR 7801 (subd. 1) and section 310 of the Education Law require the petitioner to pursue his administrative remedy of review by the Commissioner of Education.
The respondent employed the petitioner as a physical education teacher commencing September 1, 1969. He performed in that capacity, on a probationary basis, until May 28, 1971. On that day he was told that the Board of Education had abolished his position. In December, 1972, petitioner learned that the respondent had recreated the position which it abolished in May, 1971. He wrote to the board twice to ask why he had not been appointed to the position when it was re-established. He reminded them in his second letter of the provisions of section 2510 of the Education Law. Eespondent answered that it had given the job to a man named FitzGibbons on December 18,1972. Petitioner claims that FitzGibbons had no seniority when he was appointed.
Section 2510 of the Education Law, which petitioner claims gives him his substantive right, reads as follows:
“ 1. If the board of education abolishes an office or position and creates another office or position for the performance of duties similar to those performed in the office or position abolished, the person filling such office or position at the time of its abolishment shall be appointed to the office or position thus created without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled.
“ 2. Whenever a board of education abolished a position under this chapter, the services of the teacher having the least seniority ' *377 in the system within the tenure of the position abolished shall be discontinued.
“3. If an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he has filled. The persons on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions in the order of their length of service in the system at any time within four years from the date of abolition or consolidation of such office or position.”
The respondent takes the position that section 2510 does not apply to probationary teachers but only to tenured teachers. It makes the strong argument that it is inconsistent for a teacher to be subject to dismissal without a hearing on the one hand (Education Law, § 2509; Matter of Pinto v. Wynstra, 22 A D 2d 914) while holding a position on a preferred eligible list for four years on the other hand. This issue is one of judicial construction. It is premature on this motion to dismiss, because respondent must be afforded an opportunity to answer the petition (CPLR 7804, subd. [f]). It is observed, however, that the conflict grows out of legislative oversight. The legislative intent should be made clear by the Legislature and not by judicial surmise, a poor substitute for needed clarification.
The petitioner is not compelled to pursue the administrative remedy provided by section 310 of the Education Law. A long line of precedent makes it quite clear that an aggrieved teacher, especially in a proceeding such as this one, which is in the nature of mandamus, may proceed initially in the courts. (See Bailey v. McDougall, 66 Misc 2d 161 and the authorities cited therein.)
Respondent may serve its answer to the petition within 20 days after service of the order hereunder with notice of entry.
' Submit order on notice.