Frank L. Gates, J.
Motion by defendants to vacate the default judgment entered by the Clerk of this court on August 2, 1972 in the amount of $11,327.90 exclusive of interest and costs.
The complaint herein contains two causes of action:
1. Waste allegedly committed by defendant Neptune Nuggets, to property at Bay Shore, Suffolk County, New York occupied by said defendant under a lease from plaintiff, itself a lessee thereof. This cause of action alleges damages in the amount of $5,061.
2. Rent from January 1, 1972 up to the date of the judgment.
Said complaint also alleged that defendant Neptune Nuggets, Inc. consolidated with defendant Matlaw’s Food Products, Inc. on December 1, 1971 and continued to operate as “ Matlaw’s Food Products, Inc.” with principal offices at West Haven, Connecticut.
A default judgment was entered by the Clerk of Suffolk County on August 2, 1972 in the total amount of $11,836.82 *840 consisting of: “amount claimed in complaint ” $11,327.90, $453.12 interest and $55.80 costs and disbursements.
At the outset, it is clear that plaintiff’s cause of action for alleged waste is not a claim 1 ‘ for a sum certain or for a sum which can by computation be made certain” as required by subdivision (a) of CPLR 3215 for entry of a judgment by the Clerk without application to the court. The Clerk of this court therefore had no authority to enter the judgment and his entry thereof was void. (Steward v. Alleghany Mut. Cas. Co., 64 Misc 2d 1090.)
As was said in Geer, Du Bois & Co. v. Scott d Sons Co. (25 A D 2d 423, 424): “ Since the Clerk had no power to enter judgment ' * * * the judgment thus entered was a nullity and the application to vacate the judgment and upon the default should have been granted unconditionally.”
However, in addition, defendants question the jurisdiction of this court over this action, alleging that defendants were not doing business in this county at the commencement of the action and upon the further ground that the judgment was in excess of the $10,000 monetary jurisdiction of this court.
Plaintiff contends, in effect, that this action arises out of acts committed by defendants in this county and as a result thereof this court has jurisdiction under CPLE 302 (the “long-arm statute”).
The question arises, however, whether CPLE 302 takes precedence over section 190-a of the Judiciary Law (amd. by L. 1971, ch. 11, § 3, eff. Sept. 1, 1971), which defines the residential requirements as to domestic and foreign corporations for the purpose of determining jurisdiction of this court under section 190 of the Judiciary Law.
Said section 190-a now reads as follows: “ For the purpose of determining jurisdiction under section one hundred ninety, a domestic corporation or joint-stock association is deemed a •resident of a county in which its principal place of business is established by or pursuant to a statute or by its articles of association, or in which its principal place of business or any part of its plant, shops, factories or offices is actually located * * # and a foreign corporation is to be deemed a resident of a county if it maintains any plant, store, office, warehouse or other facility for doing business within such county ”.
At the commencement of this action, defendants had no place of business in this county and were not doing business in this county. This court would therefore have no jurisdiction *841 of this action unless the “long-arm statute”, CPLB 302 is applicable herein.
This question appears to be one of first instance, research by this court having failed to disclose any precedent.
In the analogous situation of a nonresident motorist involved in an accident in this State, subdivision 2 of section 253 of the Vehicle and Traffic Law permits service of process arising out óf such accident upon the nonresident motorist by mailing the summons to the Secretary of State at Albany, New York. However, the majority of the cases hold that county courts are prevented from exercising jurisdiction over such nonresident motorists by the limitations contained in section 190 of the Judiciary Law. (Bonk v. Hodgkins, 68 Misc 2d 148.)
This court finds that CPLB 302 is not applicable to actions brought in county courts of this State and this court has no jurisdiction of this action. (Judiciary Law, § 190, subd. 5; § 190-a.)
The affidavit of merits contained in defendant’s moving papers does not constitute a waiver of the defense of lack of jurisdiction. (CPLB 3211, subd. [e].)
Finally, defendants contend that the entry of judgment in an amount in excess of $10,000 violated the monetary jurisdictional limit of this court as contained in subdivision 5 of section 190 of the Judiciary Law.
The pertinent portion of said statute sets forth the monetary jurisdiction of this court as follows: “ and wherein in any such action the complaint demands judgment for a sum of money only not exceeding ten thousand dollars exclusive of interest and costs” (emphasis added; see, also, N. Y. Const., art. VI, § 11, par. a).
Plaintiff argues that said limit of $10,000 applies to each cause of action thereby allowing a complaint containing two causes of action, as in the instant case, to demand judgment for $20,000.
This contention is without merit since it is contrary to the express language of the statute.
The complaint herein demands damages of $5,061 on the first cause of action and does not specify the amount demanded on the second cause of action.
In a court of limited jurisdiction, however, the complaint must contain a statement of necessary jurisdictional facts. (Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15.)
This court finds that:
1. The complaint herein fails to set forth facts showing jurisdiction of this court over this action.
*842 2. That this court does not have jurisdiction over the defendants.
3. That the judgment herein was improperly entered by the Clerk of this court and was therefore void.
The motion to vacate said judgment is granted and the complaint herein is dismissed without prejudice to the commencement of a new action in the proper forum.