John P. Donohob, J.
Judgment is granted to petitioner for the relief demanded in the petition.
The respondents served their answer in this proceeding under CPLB article 78 pursuant to the order of this court dated June 6, 1973, following its decision dated May 23, 1973 (75 Misc 2d 375), which summarized the dispute. The answer, as amended by the withdrawal of an affirmative defense, does not put any issues of fact in issue which require trial. It does put in issue the legal effect of section 2510 (subd. 3) of the Education Law and calls upon the court to state whether that statute confers upon a nontenured or probationary teacher the right to be placed on the four-year-preferred eligible list after his position has been abolished.
As this court pointed out in the earlier decision, the conflict (75 Misc 2d 375, 377) over the question whether a probationary teacher is entitled to be placed on the preferred eligible list grows out of legislative oversight, which should be corrected by the Legislature. Since ¡the omission of any clear statément of such intention remains, this court interprets the statute to mean that a person in the petitioner’s position, who is a probationary teacher where position was abolished, is entitled to be placed on the preferred eligible list. (Matter of Baron v. Mackreth, 30 A D 2d 810, affd. 26 N Y 2d 1039; Matter of Lezette v. Board of Educ., 43 A D 2d 755; Matter of Olive Branche, Decision No. 8477 of Commissioner of Education.)
If the Legislature had meant otherwise, it is assumed that it would have said “ tenured person ” instead of simply ‘1 person ” in section 2510 (subd. 3) of the Education Law.