Harry Edelstein, J.
In this action for personal injuries and for property damage, the defendant moves pursuant to CPLR 3211 (subd [a], par 2) to dismiss the two causes of action on the ground that the court has not jurisdiction of the subject matter of the cause of action. The summons and the complaint were served on December 19, 1974. The complaint demands judgment of $10,000 on the first cause of action and judgment of $615 on the second cause of action, plus costs and disbursements. The question before the court is whether an ad damnum clause in excess of $10,000, grounded on more than one cause of action asserted by a single plaintiff, exceeds the monetary jurisdiction of the County Court.
In its relevant part, article VI (§ 11, subd a) of the Constitution provides: "The county court shall have jurisdiction over * * * actions and proceedings for the recovery of money * * * where the amount sought to be recovered * * * does not exceed six thousand dollars exclusive of interest and costs”. (Emphasis added.)
Pursuant to constitutional authority, the Legislature set the monetary jurisdiction of the County Court in the County of Rockland at $10,000, exclusive of interest and costs. (NY Const, art VI, § 11, subd a; Judiciary Law, § 190, subd 5.) Significantly, subdivision 5 of section 190 of the Judiciary Law provides the $10,000 jurisdictional limit "wherein in any such action the complaint demands judgment for a sum of money only not exceeding ten thousand dollars exclusive of interest and costs”. (Emphasis added.) .
The Appellate Division held: "The County Court is confessedly a court of limited jurisdiction, and such limitation has been clearly and expressly defined, so far as the recovery in a money action is concerned, by both the Constitution and the law-making power of the State. Moreover, each of these authorities has declared that in such an action it must appear upon the face of the complaint therein that the judgment demanded shall not exceed a certain specified sum; and in view of this limitation it follows necessarily that a County Court has no authority to entertain a case which is not within the limitation thus fixed.” (Heffron v Jennings, 66 App Div 443, 444, emphasis added.)
This jurisdictional rule continues to apply to the County Court under the judiciary article adopted in 1962. "Effective September 1, 1963[,] the jurisdiction of that court, among others, was extended to an action wherein the amount de *13 manded in the complaint did not exceed $10,000 exclusive of interest and costs.” (De Filippo v City of Schenectady, 21 AD2d 947, emphasis added.)
Under the facts of the case at bar, the court has no power to grant relief of amendment of the ad damnum clause. Service of the summons and of the complaint was effected on the same day; therefore, amendment of the ad damnum clause is not permitted. (Cf. Agchem Serv. Corp. v J. K. Hurd & Son, 75 Misc 2d 926.)
There is no subject-matter jurisdictional magic in same day service as such. The inquiry of the court under CPLR 3211 (subd [a], par 2) is whether the initial invocation of the jurisdiction of the court over the subject matter is on its face effective. If only a summons were served and there were nothing in the summons to refute, jurisdiction, the court acquires jurisdiction, and the later-served complaint may be amended. If the summons, or the complaint served with the summons, is on its face jurisdictionally defective, then the court does not acquire jurisdiction, and the complaint may not be amended to meet the jurisdictional limitation. (Van Clief v Van Vechten, 130 NY 571, 581-582.)
In the case at bar, the summons and the complaint were served simultaneously. Since the initial invocation of the jurisdiction of the court demands recovery for alleged damages in excess of $10,000, exclusive of interest and costs, the invocation of jurisdiction is defective. The court never ■ acquired jurisdiction, so the court has no power to permit amendment of the complaint.
The plaintiff contends that the limitation of $10,000 applies to each cause of action in the complaint. In support of his position, the plaintiff argues that if the limitation of $10,000 applies to the complaint, he is thereby forced to institute a separate action in the County Court for each cause of action.
The contention that the monetary limitation applies to each cause of action is without merit. The express language of both the Constitution and of the Judiciary Law limits each complaint to the specified amount. In its construction or application of a clear constitutional or statutory provision, a court may neither read in nor read out any requirement. (Matter of State Bank of Binghamton, 152 Misc 579, 587.)
As to further prosecution of the claims, the plaintiff is not excluded from further proceedings in the County Court. Assuming that reduction of the amount claimed in the ad *14 damnum clause is not desired, the better practice is to commence a single action in the Supreme Court. Though choice of court may, in a case such as the one at bar, present a practitioner’s problem, the court and the parties must be mindful that it is for the People of the State of New York to determine the jurisdictions of their courts. (Civil Rights Law, § 2.)
Accordingly, the motion to dismiss the complaint is granted. Therefore, the remaining motions need not be decided.