OPINION OF THE COURT
Joseph Harris, J.
Defendants move, inter alia, to dismiss plaintiffs’ complaint upon the ground that this court lacks subject matter jurisdiction (CPLR 3211, subd [a], par 2).
Plaintiffs seek damages for personal injuries sustained by infant plaintiff while participating in the activities of a physical education class in a school operated by defendants. Plaintiffs’ complaint avers that infant plaintiff fell during said class, suffering injury to his head, neck, limbs and other parts of his body. Three "causes of action”, denominated by plaintiffs as "separate and distinct”, are set forth. In the first, infant plaintiff seeks $10,000 as damages for injuries sustained as a result of alleged "negligent supervision” by defendants. In the second, the infant plaintiff seeks $10,000 additional as damages for the aggravation of these injuries allegedly caused by the negligent failure of one of defendants’ employees to obtain proper and immediate medical attention for the infant plaintiff following the accident. The third cause of action is a derivative action in which plaintiff Catherine Benson, the infant’s mother, individually seeks $10,000 in damages for medical expenses and loss of her son’s services.
The County Court’s jurisdiction in actions of this nature, as delineated in section 11 of article VI of the New York State Constitution and subdivision 5 of section 190 of the Judiciary Law is limited to actions for the recovery of money where "the complaint demands judgment for a sum of money only not exceeding ten thousand dollars exclusive of interest and costs.”
There are two issues involved in the instant case: (1) Where the aggregate monetary demand of separately stated causes of action contained in a single complaint exceeds the monetary limit of a County Court’s jurisdiction, even though each such cause of action separately considered is within such monetary limit, is the County Court, under the terms of section 11 of article VI of the New York State Constitution and subdivision 5 of section 190 of the Judiciary Law, prohibited from exercis *112 ing jurisdiction; and (2) Is there in the instant case, even though stated as three separate causes of action, only a single cause of action or more than one?
With respect to the first issue, although there is a surprising difference of opinion, this court is persuaded by logic, reason, and the customary rules governing statutory construction and intent, that where a single complaint contains more than one truly separate and distinct cause of action, separately stated, even though the aggregate thereof exceeds a monetary demand greater than the court’s monetary jurisdiction, so long as the demand of each individual separately stated cause of action does not exceed such monetary limit, a County Court is not prohibited from exercising jurisdiction (see Baron v Bobroy, 11 AD2d 766; Weber v Kowalski, 85 Misc 2d 349; cf. Silverman v Abdul, 85 Misc 2d 11; Mennella Foods Corp. v Neptune’s Nuggets, 74 Misc 2d 839).
At the outset it should be noted that nothing contained in the New York Constitution or in the Judiciary Law prohibits a plaintiff with more than one truly separate and distinct cause of action against the same defendant from suing such defendant in separate complaints rather than in a single complaint containing separately stated causes of action. County Court would have jurisdiction over each separate complaint provided the individual monetary demand of each was within the court’s monetary jurisdiction. Nor does any jurisdictional impediment arise when a motion is granted joining such complaints for trial, where joinable.
Secondly, it should be noted that the Uniform Court Acts, which establish the subject matter jurisdiction of all lower courts other than the County Courts, provide in section 211 that "[w]here several causes of action are asserted in the complaint, and each of them would be within the jurisdiction of the court if sued upon separately, the court shall have jurisdiction of the action.” The purpose of these provisions is to promote judicial economy by preventing unnecessary duplication of actions and by permitting all claims to be tried at the same time. Although the County Court has no counterpart to section 211, the broad legislative policy evinced therein with respect to how lower court jurisdictional problems should be handled applies by analogy with equal force to County Court actions. (See Siegel, NY Prac, p 23.) It defies logic to permit a plaintiff to interpose several causes of action against *113 a defendant, each for less than the jurisdictional limit of the Justice or City Court and, therefore, actionable in such courts, and not permit the same in County Court because the claims aggregated exceed $10,000, particularly since an appeal from a judgment in Justice or City Court is heard in County Court (UJCA, § 1701; UCCA, § 1701).
The term "judgment”, contained in the phrase set forth in the provisions of the Judiciary Law, delimiting a County Court’s monetary jurisdiction — limiting such jurisdiction in actions for the recovery of money to where "the complaint demands judgment for a sum of money only not exceeding ten thousand dollars exclusive of interest and costs” — makes no realistic sense unless it means that specific and individual redress demanded for each legally separate and distinct cause of action. The final document denominated a "judgment” may lump each separate judgment together into a call for the payment by the defendant of a single sum of money, but that is not controlling — that is form over substance. What is controlling is the uniqueness and legal distinctiveness of the different claims made by a plaintiff against a defendant. This requires a definition of the term, "cause of action.”
A "cause of action” is not legally separate and distinct from another separately stated cause of action merely because it is so labeled in the complaint. A "cause of action” is a set of operative facts which gives rise to a separate and distinct legal right and to a right to seek separate and distinct redress for a violation of that legal right. It does not matter what linguistic trappings the set of operative facts is clothed in, or by what legal labels it is denominated — whether negligence, strict products liability, contract, or whatever else. The controlling factors are the physical facts and it is the unity of the transaction or the occurrence that determines whether there is only a single cause of action or more, (see 2 Carmody-Wait 2d, NY Prac, § 9:17; Payne v New York, Susquehanna & Western R. R. Co., 201 NY 436.)
In order to seek inclusion within the jurisdiction of this court, plaintiffs in their purported first and second causes of action have split what the operative facts show clearly to be a single cause of action — one related occurrence which gives rise to one cause of action, one legal right to seek full redress for the totality of injuries sustained by the infant plaintiff by reason of all the alleged wrongful acts, both of commission *114 and omission, of the defendants and of those persons for whom the defendants are legally responsible.
The splitting of a cause of action, whether for jurisdictional purposes or otherwise, is not permissible. Courts, wherever possible, ought not to allow mere form to be elevated over substance.
By reason of the fact that the first and second causes of action set forth in the complaint herein are legally a single cause of action demanding greater than the sum of $10,000, the jurisdictional limit of this court is exceeded. Thus it is not necessary for the court to determine the legal distinctness of the derivative claim set forth in the separately stated third "cause of action.” Suffice it to say, by way of dictum, the court feels that for monetary jurisdiction purposes, so much of a derivative claim as seeks reimbursement for medical expenses for the infant plaintiff is not legally distinct from an infant plaintiff’s cause of action, but that so much of such derivative claim as seeks redress for loss of services and of society, as the case may be, is legally distinct and constitutes a legally separate cause of action.
Plaintiffs request that upon a finding that this court lacks subject, matter jurisdiction, it transfer this case to the Supreme Court, Albany County. Article VI (§ 19, subd b) of the Néw York State Constitution states in pertinent part: "The county court shall transfer to the supreme court * * * any action * * * which has not been transferred to it from the supreme court * * * and over which the county court has no jurisdiction.”
This provision clearly empowers the County Court to transfer this case. Therefore, in accordance with the constitutional power vested in this court, this court directs that this action be transferred to Supreme Court, Albany County. The other aspects of defendants’ motion may be submitted to that court for decision.