■ JEFFREY T. MANDEL et al., Respondents, v RUDOLPH F. KENT, JR., Doing Business as KA RU GENERAL CONTRACTORS INC., et al., Appellants.— In an action, *inter alia,* to recover damages for breach of contract, defendants appeal from an order of the County Court, Putnam County, dated April 24, 1978, which denied their motion to vacate a default judgment. Order reversed, on the law, defendants' motion to vacate the default judgment is granted, and the action is remanded to County Court so that the matter may be properly transferred to the Supreme Court pursuant to article VI (§ 19, subd b) of the New York State Constitution. Plaintiffs brought an action against defendants in the County Court and sought a recovery of $20,000, composed of two separate $10,000 causes of action for breach of contract and fraud. The action arose out of plaintiffs' unhappiness with the construction of their home by defendants. Upon defendants' default, plaintiffs obtained a $20,000 default judgment, together with interest and costs, in the County Court. The County Court was without jurisdiction in this matter and, therefore, the default must be vacated. The jurisdictional limit of the County Court is $10,000, and this limitation is applicable to the entire complaint rather than to each individual cause of action (NY Const, art VI, § 11, subd a; Judiciary Law, § 190, subd 5; *Mennella Foods Corp. v Neptune's Nuggets,* 74 Misc 2d 839; *Silverman v Abdul,* 85 Misc 2d 11; cf. *Halpern v Langrock Bros. Co.,* 169 App Div 464). The cases of *Spetler v Jogel Realty Co.* (224 App Div 612), *Merten v Queen Rental Corp.* (241 App Div 831) and *Baron v Bobroy, Inc.* (11 AD2d 766) are not to the contrary. In those cases multiple plaintiffs were involved and each plaintiff was limited to a recovery within the jurisdictional limits of the court. Plaintiffs here seek a recovery in excess of the jurisdictional limit of the court and such is contrary to the statutory limitations that presently exist. Insofar as *Jordan*

*v Ravitz* (20 Misc 2d 9) and *Weber v Kowalski* (85 Misc 2d 349) are to the contrary, they are rejected. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.