OPINION OF THE COURT
Harry Edelstein, J.
This is an action based on a default in the payment of installments on a bank note. The complaint alleges two causes of action asserted by a single plaintiff. The first cause of action is for $9,259.16 for the entire balance of the note due, and the second is for $1,851.83 for attorney’s fees incurred in the collection of the balance due, based on an agreement in the note.
The defendant has moved pursuant to CPLR 3211 (subd [a], par 2) to dismiss the complaint on the ground that this court lacks subject matter jurisdiction.
Relying on the clear and express language in the New York *979 State Constitution and in the Judiciary Law,[1] this court held in Silverman v Abdul (85 Misc 2d 11) that in a complaint by a single plaintiff the $10,000 jurisdictional limitation applies to the total amount in the complaint and not to each individual cause of action. The same result was reached in Mennella Foods v Neptune’s (74 Misc 2d 839, 841).[2]
The case of Baron v Bobroy, Inc. (11 AD2d 766) contains language to the effect that the $10,000 limitation applies to each cause of action within the complaint. A careful reading of that case reveals that the $10,000 limitation was applied to each individual cause of action when there were multiple plaintiffs, and each cause of action was on behalf of a different plaintiff. In that situation each cause of action is treated as a separate complaint. (Merten v Queen Rental Corp., 241 App Div 831; contra Weber v Kowalski, 85 Misc 2d 349, 358.)
Pursuant to article VI (§ 19, subd b) of the New York State Constitution it is
Ordered that this case be transferred to the Supreme Court, County of Rockland.

. Article VI (§ 11, subd a) of the Constitution of the State of New York in- relevant part provides that: "The county court shall have jurisdiction over * * * actions and proceedings for the recovery of money * * * where the amount sought to be recovered * * * does not exceed six thousand dollars exclusive of interest and costs”. Pursuant to constitutional authority, the Legislature set the monetary jurisdiction of the County Court in the County of Rockland at $10,000, exclusive of interests and costs. (NY Const, art VI, § 11, subd a; Judiciary Law, § 190, subd 5.) Subdivision 5 of section 190 of the Judiciary Law in its relevant part provides that the County Court shall have jurisdiction "wherein in any such action the complaint demands judgment for a sum of money only not exceeding ten thousand dollars exclusive of interest and costs”.

. This is now clearly the law in the Second Department. (Mandel v Kent, 70 AD2d 903.)