OPINION OF THE COURT
William D. Friedmann, J.
Claimant, Mr. David Satz, has instituted 10 small claims actions and claimant, Mrs. Evelyn Rabowski Satz, has brought two small claims actions against defendants, the *677 Board of Education, City of New York, Community School Board 30, Dr. Robert Fanning, district superintendent, and Mr. Bernard Steinberg, principal of IS 145, whereby they seek to recover salary deductions in the amount of $3,927.14 and overtime earnings and traveling expenses in the sum of $10,336.72.[1]
Defendants moved for dismissal of this action. Upon the recommendation of the court it was agreed that conflicting contentions would be considered as if claimant made a cross motion and both motions would be treated as motions for summary judgment. The court was to rely upon the undisputed facts, documents marked into evidence and upon an exchange of legal memoranda.
FINDINGS OF THE COURT
Mr. David Satz and Mrs. Evelyn Rabowski Satz are teachers with the Board of Education, City of New York, who taught at IS 145 Q which is located within Community School District 30. On the evening of March 30, 1981, a community meeting was held in the school during which Mr. Satz, from a pay telephone located inside the school, called the New York City Fire Department to report that a fire already extinguished had occurred in the school building and that all doors were chained from the inside. Mr. Satz called to have the chains removed in the belief that such conditions could have proven disastrous.
In March, 1981, the community school board, contending that there was no fire, brought the following charges against Mr. Satz because he reported the fire to the fire department:
“Charge No. 1: Conduct unbecoming to your position as a teacher and conduct prejudicial to the good order, efficiency and discipline of the service.
“Charge No. 2: Substantial cause that renders you unfit to perform your obligations properly to the service.”
A hearing on this matter was conducted by the panel pursuant to section 3020-a of the Education Law, which *678 deals with hearing procedures and penalties regarding charges against tenured teachers.
On April 13, 1981, Mr. Satz received a letter from the district superintendent, Dr. Fanning, instructing him to report to the district office instead of continuing his classroom assignment. The district office is located in P.S. 112 and is a 25-minute drive from IS 145 where Mrs. Rabowski Satz continued to teach.
Mr. Satz worked at the district office from April, 1981 through October 13, 1981 during the hours of 8:40 a.m. until 3:00 p.m. From October 13, 1981 through September 9, 1982 Mr. Satz’ workday began at 8:30 a.m. and terminated at 4:30 p.m., an eight-hour workday for almost 11 months. Thereafter, through the present, Mr. Satz’ workday schedule is 6 hours and 20 minutes, as is a normal teacher’s schedule.
On April 8,1982 the 3020-a panel filed its determination after four days of hearings. It found Mr. Satz innocent of the charges brought against him by the community school board and dismissed the complaint finding that a fire had existed. The board of education appealed the panel’s decision to the Commissioner of Education. An interim stay was granted and Mr. Satz continued and remains working in the district office pending the commissioner’s disposition of the appeal.
Throughout these events Mrs. Rabowski Satz continued teaching at IS 145 and she alleges that money was deducted from her salary improperly. Claimants repeatedly filed grievances in accordance with the collective bargaining 1980-1982 agreement between the United Federation of Teachers and the Board of Education of the City of New York for improper deductions, traveling expenses and overtime which were denied. Together, claimants now seek to recover damages totaling $3,927.14 for improper salary deductions and the sum of $10,336.72 for overtime and traveling expenses.[2]
*679 CLAIMANTS ARE NOT REQUIRED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES
Defendants have moved for the dismissal of this action (CPLR 321, subd [a], par 2) contending that the court does not have jurisdiction since claimants failed to exhaust their administrative remedies provided in the collective bargaining agreement between the United Federation of Teachers and the board of education.
This court believes, that in the interest of substantial justice (CCA, § 1804) claimants may seek judicial review of their claims. (Javeline v Long Is. R.R., 106 Misc 2d 814.)
The relief sought here is in the nature of mandamus, thus, claimants have the option of litigating under CPLR article 78 and the exhaustion of their administrative remedies is not the exclusive method of review. (Matter of Cohn v Board of Educ., 58 AD2d 977.) Where, as the instant case, what involved is the litigations by private parties seeking to vindicate their private rights and where essential questions of law or statutory interpretations are involved and it appears that the school official has acted in violation of an express statute direct resort to the courts is permissible. (Matter of Nash v Board of Educ., 75 Misc 2d 375.)
THREE CATEGORIES OF CLAIMS: TRAVEL EXPENSES, IMPROPER SALARY DEDUCTIONS AND OVERTIME
Claimants’ claim falls into three categories: travel expenses, improper salary deductions and overtime. After hours of extensive research this court has reached the following conclusions:
A. Claimants are not entitled to recover for traveling expenses. Prior to Mr. Satz’ assignment to work in the district office neither he nor his wife was reimbursed for their travel expenses to teach at IS 145. Due to his assignment which sent Mr. Satz to a different school the Satz could no longer travel to work together. Notwithstanding, the alleged need for two cars for husband and wife to travel to work daily was an additional expense, arising from Mr. Satz’ assignment to the district office, such expenses are not recoverable. Although the interim order granted by the Commissioner of Education states the following: “Since *680 during the pendency of this appeal petitioner must continue to pay respondent’s salary (Matter of Jerry v. Board of Education, 35 NY 2d 531). Respondent will not suffer any monetary harm as a result of an interim order”, it does not refer to traveling expenses but rather concerns itself solely with Mr. Satz’ salary.
B. Claimants are not entitled to recover the deductions taken out of their salaries because such deductions were proper. Claimants received deductions in their salaries because of their absences and/or tardy arrival at work. Defendants’ papers show that claimants did not have adequate personal or sick leave to allow them the time in question with pay.
C. This court in ascertaining substantial justice (CCA, § 1804) holds that claimant, David Satz, is entitled to recover for the additional hours beyond the normal teacher’s schedule of 6 hours and 20 minutes for which he worked in the district office.
Subdivision 7 of section 2590-j of the Education Law provides that:
“Each community board shall have authority and responsibility with regard to trials of charges against any members of the teaching or supervisory staffs of the schools within its jurisdiction as follows * * *
“(d) Upon the service of a copy of the charges upon such employee and the filing thereof with the community board, the community superintendent may recommend to the chancellor the suspension of any such employee. If the chancellor shall determine that the nature of the charge requires the immediate removal of the employee from his assigned duties, he may suspend such employee for a period not exceeding ninety days pending hearing and determination of charges, provided however, that such employee shall be entitled to receive full compensation during the period of suspension. In case the employee is acquitted, he shall be restored to his position.” (Emphasis added.)
In this context “the guarantee of full compensation must be reasonably interpreted to include hours as well as salary” (Matter of United Federation of Teachers [Board of *681 Educ. — Goodman & Wilsker], UFT Case No. A-9-023-3173). Thus, the daily additional 1 hour and 40 minutes Mr. Satz was required to work once assigned to the district office violated the Education Law. However, in Matter of Goodman & Wilsker (supra), although petitioners sought to recover monetarily such recovery was not awarded. Rather, a directive was issued stating that hereafter, the workday of teachers involuntarily assigned to the district office, as was Mr. Satz, should only consist of 6 hours and 20 minutes.
This court recognizes that the facts and circumstances in the case at bar are similar to those of the arbitration (Matter of Goodman & Wilsker, supra); nevertheless, failure to compensate Mr. Satz for the additional hours which he worked amounts to unjust enrichment.
“[W]hether there is unjust enrichment may not be determined from a limited inquiry confined to an isolated transaction. It must be a realistic determination based on a broad view of the human setting involved”. (McGrath v Hilding, 41 NY2d 625, 629.) Unjust enrichment occurs where a party is enriched in an unjust manner. The enrichment must be unjust under the circumstances and as between the parties. (Evans v City of Johnstown, 96 Misc 2d 755.)
Restitution requires that a benefit must have passed from the claimant to the defendant for which the claimant should be compensated in equity and good conscience. (Schuler-Hass Elec. Corp. v Wager Constr. Corp., 57 AD2d 707.)
In consideration of various factors including that claimant and defendant share an employee-employer relationship, that claimant was involuntarily assigned to the district office and that claimant’s workday was lengthened due to this involuntary assignment, this court, in good conscience, cannot allow defendant to have required claimant to work additional time free of charge. Defendant has been unjustly enriched in that it received claimant’s additional time and labor at the expense of claimant since claimant did not receive any compensation for his extra work time and productivity.
*682 The board of education is accountable to Mr. Satz on the ground that otherwise the board of education would unjustly benefit at the expense of Mr. Satz. Thus, the defendant is required to make restitution. (Restatement, Restitution, § 1.)
CONCLUSION
Accordingly, this court awards as follows:
A. Claimants’ claims for traveling expenses and improper salary are dismissed;
B. Claimant, David Satz, is to recover monetarily for the total additional time which he worked in the district office beyond the 6 hours and 20 minutes normal teacher’s workday; or at the election of the Board of Education, City of New York, claimant, David Satz, is to receive compensatory time equivalent to the additional time he worked in the district office beyond the normal teacher’s workday of 6 hours and 20 minutes.

. Mr. Satz also initiated Small Claims Action No. 15850 against Robert Fanning, district superintendent, seeking two weeks’ pay plus expenses incurred due to an “on the job” injury. The court, on its own motion, severs this unrelated claim and refers it back to Small Claims in order for it to be treated as a separate action. (CPLR 603.)

. The court, on its own motion, consolidated claimants’ 12 claims since all concern a “common question of law or fact” (CPLR 602, subd [a]). Consequently, claimants’ 12 small claims lawsuits are hereafter treated as one action. This will not prejudice *679 claimants and will serve to reduce calendar congestion and economize judicial effort.