■ NASSAU CHAPTER OF THE CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v COUNTY OF NASSAU et al., Respondents.

All of the individual plaintiffs are employed by the defendant County of Nassau Department of Social Services and serve under various civil service titles. Prior to July 1979, all of the plaintiffs worked 33¾ hours per week and, at different times, they were all transferred to work at the A. Holly Patterson Home (Home). All of the full-time employees at the Home are required to work 35 hours per week. On July 27, 1979, plaintiffs were transferred from a payroll code for the Department of Social Services to a payroll code for the Home, and their work schedule was increased to 35 hours per week.

Plaintiffs filed a class action grievance pursuant to their collective bargaining agreement alleging that they were entitled to overtime compensation for the additional 15 minutes added to their daily work schedules. Although the grievance board recommended approval of the grievance, upon review, the Nassau County Executive denied plaintiffs' grievance. Thereafter plaintiffs commenced the instant action.

Upon review of the entire record, we find no merit to plaintiffs' contention that the county is unjustly enriched by Special Term's limitation on the payment of overtime compensation to the period ending December 31, 1981 (cf. Satz v Board of Educ., 118 Misc 2d 676, 680-81).

Section 28-1.2 of the 1982-1984 collective bargaining agreement entered into by the plaintiff Nassau County Civil Service Association and Nassau County provided in relevant part that:

"For the purpose of computing overtime compensation, the basic work week of an employee shall be the number of hours presently being worked, but in no event shall it be less than 33-¾ hours per week. With the approval of the County Executive, an employee's basic work week may be reduced, but never raised".

We agree with Special Term that "because the plaintiffs' basic work week was established at 35 hours per week, at the commencement of the 1982-1984 contract period, there can be no overtime under [the] 1982-1984 contract". Mangano, J. P., Brown, Niehoff and Lawrence, JJ., concur.