OPINION OF THE COURT
Kenneth L. Gartner, J.
The instant motion is brought by the defendant to consolidate four separate commercial claims actions, and then to dismiss them as in excess of the commercial claims jurisdic *912 tional ceiling. This motion requires this court to address a novel constitutional issue.
The defendant’s motion raises the issue of whether the monetary jurisdictional limit for small and commercial claims is applicable to the total sought in a plaintiffs complaint, or whether it is applicable only to individual causes of action. Mandel v Kent (70 AD2d 903 [2d Dept 1979]) addressed precisely the same issue, only as applied to the jurisdictional limit of County Court. Mandel determined that the jurisdictional limit applies to the “entire complaint,” so that if two causes of action, although each is within the jurisdictional limit, add up to a sum greater than the jurisdictional limit, the court is without jurisdiction. The logic of Mandel — because Mandel was decided on State constitutional grounds — would, if extended to the situation at bar, require that those portions of the UDCA (and by implication the parallel provisions of the other Uniform Court Acts and the CCA), which adopt the opposite approach, be adjudged unconstitutional and unenforceable.
As explained more fully below, this court determines that Mandel (supra) — if indeed it were to be adhered to at all today by the Appellate Division — would likely not be extended to the situation at bar. In any event, as Mandel is not directly applicable, this court is required to at this time follow the legislative dictate and deny the plaintiffs motion insofar as it seeks dismissal.
The plaintiff is a supplier of fresh produce. The defendant is a restaurant and catering facility. The defendant is alleged to have failed and refused to pay for 15 days’ worth of deliveries made by the plaintiff to the defendant’s facility, with each delivery invoiced separately. The total amount due and owing is between $10,000 and $15,000.
Fearing that the defendant was in financial extremis, the plaintiff sought a quick disposition of its claims by bringing them in the commercial claims division of this court. The plaintiff assembled the invoices into four groups, the total of each group being just under the $3,000 monetary limit for small and commercial claims.
The defendant has now moved to consolidate the four actions pursuant to CPLR 602 and thereupon to dismiss the action as consolidated on the ground that it would then seek damages in excess of the jurisdictional limit for small and commercial claims. The defendant’s argument for consolidation is that “all of the facts and circumstances” are the same: “Plaintiff asserts *913 that it provided certain goods and the Defendant asserts that said goods were either not delivered, not ordered and/or of inferior quality.”
UDCA 211 (materially identical to CCA 211, UCCA 211 and UJCA 211) provides:
“Where several causes of action are asserted in the complaint, and each of them would be within the jurisdiction of the court if sued upon separately, the court shall have jurisdiction of the action. In such case judgment may be rendered by the court in excess of [the monetary jurisdictional limit] if such excess results solely because of such joinder.” (See, Board of Mgrs. v Farajzadeh, 185 Misc 2d 353 [Dist Ct, Nassau County -2000].)
UDCA 211 is in accord with UDCA 1801 and 1801-A, which establish the jurisdiction of the small and commercial claims divisions of this court, respectively, as encompassing any “cause of action” within the jurisdictional limit. Thus, courts have permitted joinder — or themselves directed consolidation — of small claims actions despite the fact that the total sums involved were thereby brought to far in excess of the usual small claims limitations. (See, e.g., Estherhazy v Provident Loan Socy., NYLJ, May 6, 1994, at 31, col 2 [Civ Ct, NY County] [consolidating 28 small claims actions brought against the Provident Loan Society to recover damage customers suffered when a burglary ring stole over $2,000,000 worth of jewelry used to secure small loans]; Satz v Board of Educ., 118 Misc 2d 676, 678, n 2 [Civ Ct, Queens County 1983] [consolidating 12 claims]; Salazar v American Export Lines, 114 NYS2d 370 [NY City Mun Ct 1952].) In Salazar, a seaman, who was alleged to have become ill or injured during his period of service on a vessel, brought three separate small claims actions against the shipowner seeking to enforce his implied contractual entitlement to “maintenance and cure.” Each of the actions sought to recover maintenance and cure for separate periods of 12 days each, so that each action’s total would fall just within the then-monetary limit of the Small Claims Part. The defendant moved to consolidate the actions and transfer them to a regular part of the court, asserting that the plaintiff had actually split a single cause of action. Holding that each day’s claim represented a separate cause of action, the court denied the defendant’s motion. (See also, Trince Elec. v Restoration Unlimited, NYLJ, Apr. 10, 1991, at 22, col 6 [Civ Ct, NY County].) In Trince, the court held that mandatory *914 arbitration pursuant to 22 NYCRR 28.2 was required for a Civil Court complaint seeking $28,358.16, despite the fact that the jurisdictional limit for arbitration was $10,000, because the complaint stated individual causes of action, each seeking sums less than $10,000.
In the instant case, each separate delivery of produce, and each invoice submitted, constitute a separate transaction. Separate defenses could be raised to each depending upon, inter alia, the particular shipment’s quality, and a separate sum would be due for each. (See, Peterson v Schroder Bank & Trust Co., 172 AD2d 165 [1st Dept 1991] [each of 30 invoices sent by plaintiff to defendant bank for computer services allegedly rendered constituted a separate demand for payment giving rise to a separate and discrete cause of action for purposes of measuring accrual of Statute of Limitations].)
Thus, under the applicable provisions of the UDCA, this court has commercial claims jurisdiction whether or not the motion to consolidate is granted, and whether or not the total sought, in the aggregate, exceeds the jurisdictional limit for commercial claims.
However, in Mandel v Kent (70 AD2d 903, supra), the Appellate Division determined that the jurisdictional limit of the County Court “is applicable to the entire complaint rather than to each individual cause of action.” This conclusion, which is “clearly the law in the Second Department,” was based upon “the clear and express language in the New York State Constitution and in the Judiciary Law.” (People’s Natl. Bank v Yodowitz, 99 Misc 2d 978, 979, n 2 [Rockland County Ct 1979].) The constitutional language referred to is contained in article VI, § 11 of the New York State Constitution. It provides that the County Court’s jurisdiction shall extend not to “causes of action” but only to “actions” where the amount sought to be recovered is beneath a certain amount.
Article VI (§ 16 [d]) of the New York State Constitution similarly establishes the jurisdiction of the District Court as encompassing solely “actions” seeking not more than a specific sum of money.
This constitutional provision, under the logic of Mandel (supra), would preclude the aggregation of causes of action in a single District Court complaint if the total thereby exceeds the monetary limit. It thus directly conflicts with the UDCA.
The Legislature, in enacting the applicable sections of the UDCA (and of the other Uniform Court Acts and the CCA), ap *915 parently accepted and agreed with the argument of the Appellate Term, Second Department, as set forth in Jordan v Ravitz (20 Misc 2d 9, 11 [App Term, 2d Dept 1959]). In Jordan v Ravitz (at 11)—a case later expressly rejected by Mandel (supra)—the Appellate Term affirmed an exercise of jurisdiction by the New York City Court, Kings County, holding:
“Inasmuch as the plaintiff in the instant action might have brought separate actions * * * demanding damages in each up to the limit of the court’s jurisdiction, and these cases might properly have been consolidated, there appears to be no reason * * * to hold that the jurisdiction of the court was exceeded when the plaintiff joined two separate causes of action, separately stated, in one complaint and the demand in each case was within the limit of the court’s jurisdiction.”
Outside the Second Department, the Mandel decision’s logic has not been universally adopted. For instance, in Benson v Cohoes School Bd. (98 Misc 2d 110, 112 [Albany County Ct 1979]), the court noted that “there is a surprising difference of opinion,” but ultimately held that it was “persuaded by logic, reason, and the customary rules governing statutory construction and intent, that where a single complaint contains more than one truly separate and distinct cause of action, separately stated, even though the aggregate thereof exceeds a monetary demand greater than the court’s monetary jurisdiction, so long as the demand of each individual separately stated cause of action does not exceed such monetary limit, a County Court is not prohibited from exercising jurisdiction.”
Indeed, the logic of Mandel's holding, as crystalized by Yodowitz (supra), is internally contradictory. Mandel (supra) acknowledges and agrees that, pursuant to the Second Department’s own earlier holding in Baron v Bobroy, Inc. (11 AD2d 766 [2d Dept I960]), a single “action” or “complaint” may contain an aggregate demand in excess of monetary jurisdictional limits and yet not run afoul of those limits so long as the individual causes of action are asserted by separate plaintiffs. Yet, an action commenced by service of a complaint by multiple plaintiffs, just as much as one brought by an individual plaintiff, would be an “action” seeking more in the aggregate than the jurisdictional limit. If the language of the Constitution is to be so strictly construed, any aggregation of claims exceeding the jurisdictional limit should be logically prohibited, whether possessed and brought by one or multiple named plaintiffs.
*916 It is the belief of this court that were the question to be presented to the Appellate Division today, more than two decades later, the Appellate Division would not extend the Mandel holding to District Court — an extension which would require the Appellate Division to, of necessity, declare UDCA 211, 1801, and 1801-A unconstitutional as in contravention of article VI (§ 16 [d]) of the New York State Constitution. The Appellate Division would, this court believes, follow the logic of the Salazar and Cohoes opinions (supra), as well as its own prior Baron v Bobroy opinion (supra), and might even reconsider Mandel's application to County Court.
As Mandel (supra) is in any event not by its terms applicable to District Court, and as the statutory dictates of UDCA 211 and 1801-A thus control, this court denies the defendant’s motion in its entirety, except to the extent that a joint trial of these actions is directed.
[Portions of opinion omitted for purposes of publication.]